# Elwin S. Graves v. Town of Waitsfield and Waitsfield Town

[292 A.2d 247]

No. 184-71

Present: Shangraw, C.J., Barney, Keyser, Daley, JJ., and Underwood, Supr. J.

Opinion Filed June 6, 1972

*John M. Kilmurry* and *John A. Burgess,* Montpelier, for Plaintiff.

*Sten Lium* of *Theriault & Joslin,* Montpelier, for Defendants.

Shangraw, C.J. This is a complaint for a declaratory judgment and injunctive relief. The action was brought on November 10, 1971, to restrain the Town of Waitsfield, a municipal corporation within the County of Washington, from interfering with plaintiff's installation of a mobile home on premises owned by him in that town pursuant to a permit granted therefor on November 19, 1970, under an interim zoning ordinance. Plaintiff seeks a declaration of his rights as well as temporary and permanent injunctive relief.

Subsequent to the bringing of the action, but before hearing by the Washington County Court, the mobile home was in-

stalled by the plaintiff upon the premises in question. Plaintiff is now threatened by the Waitsfield Zoning Administrative Officer with a penalty of $25.00 per day for each day it remains on the premises.

In view of plaintiff's request for a preliminary injunction, the parties agreed to an immediate trial on the merits instead of a hearing on the question of the issuance of a temporary injunction. The case was heard by the presiding superior judge of Washington County Court on November 16, 1971, pursuant to V.R.C.P. 65(b)(2).

The Town of Waitsfield enacted an interim zoning ordinance during the early part of 1969 which was in force and effect on November 19, 1970. On this date Warren Ketcham, Zoning Administrator of the Town of Waitsfield, issued to the plaintiff a permit to establish and maintain a mobile home park of two units on two acres of land owned by him in the Town of Waitsfield.

Section 1 of the Interim Zoning Ordinance authorized the issuance of a permit for one residential structure on a lot of not less than one acre, with certain frontage and setback requirements. The Administrative Officer construed this as permitting two such structures on a two acre lot, which plaintiff's plan showed. All other requirements were met.

No appeal was taken by the town, or anyone else, from the granting of the permit.

Plaintiff installed one unit shortly after the permit was granted. He installed the other unit the week before the court hearing of November 16, 1971.

In reliance on the permit, plaintiff ran a water line from his house to both sites, installed a one thousand gallon septic tank to service both mobile homes and an absorption field. Electricity was installed. All this was done before the first unit was permanently placed on the property. A manhole was provided for the second water service later. His total expense, not all of which would have been required for one unit alone, amounted to about $775.00. The electric installation was done by the utility without cost to the plaintiff.

Later, and before plaintiff erected the second mobile home on his land, the town passed a permanent zoning ordinance. The permanent zoning ordinance of the Town of Waitsfield prohibits the use of mobile homes for dwelling purposes except

in mobile home parks, and requires such parks, *inter alia*, to be at least ten acres in area. Plaintiff's site does not comply with the requirements of this ordinance, now in effect.

Findings of fact were made by the presiding superior judge which, in substance, contained the facts and events hereinbefore related in this opinion.

As on December 3, 1971, the following order was issued from which the defendants have appealed to this Court for review:

> "1. That the permit issued to the plaintiff above named on November 19, 1970 is valid and uncontestable.
>
> 2. That the defendants above named, its officers and agents are hereby enjoined from interfering with the plaintiff in his use of said premises, as set out in the provisions of the permit issued by defendant town, and they are further enjoined from any action of any nature for the collection of penalties or any action taken by the defendants to attack either the use or the permit granted by the defendants."

The Town of Waitsfield urges that it should be permitted to enforce the permanent zoning ordinance with respect to the second mobile home erected by the plaintiff notwithstanding the expenditures made by the plaintiff in reliance on the permit issued by the administrative officer.

In support of its contention, the town contends that the administrative officer was without authority to grant the permit in question, that he was discharging a governmental function, and that citizens cannot be bound or estopped by the unauthorized acts of officials in pursuance of such a function. To this end it cites *Callahan & Sons, Inc.* v. *Cooley, et al.*, 126 Vt. 9, 11, 220 A.2d 467 (1966).

At the time the *Callahan* case, *supra*, was decided 24 V.S.A. § 3026, since repealed, provided, in substance, that a zoning appeal to county court from any decision of the board of adjustment or of the legislative body of a municipality in regard to its plan of zoning shall not be construed as an exclusive remedy and shall not impair, abridge or prevent any other right or remedy now provided by law.

In 1967, effective in 1968, the legislature repealed 24 V.S.A. § 3026, *supra*. Evidently of the firm belief that there should, in fairness, come a time when the decisions of an administrative officer become final so that a person may proceed with assurance instead of peril, there was enacted, effective March 23, 1968, 24 V.S.A. § 4472.

Under 24 V.S.A. § 4472, *supra*, the exclusive remedy of any interested person, which includes the municipality, with respect to any decision or act taken, or any failure to act, is by appeal to the board of adjustment under 24 V.S.A. § 4464 and to the county court from an adverse decision upon such appeal under 24 V.S.A. § 4471. 24 V.S.A. § 4472(b) further provides that upon failure of any interested person to appeal to the board of adjustment, or to appeal to the county court

". . . all interested persons affected shall be bound by such decision or act of such officer, such provisions, or such decisions of the board, as the case may be, and shall not thereafter contest, either directly or indirectly, such decision or act, such provision, or such decision of the board in any proceeding, including, without limitation, any proceeding brought to enforce this chapter."

In this proceeding the town is precluded from contesting the validity of the permit. The appeal time having expired, the action of the administrative officer is uncontestable. Plaintiff is entitled to the requested injunctive relief.

The purpose of a declaratory judgment action is to enunciate, so far as is requested and is appropriate, the rights of the parties, *Campbell* v. *Blair & Campbell*, 127 Vt. 157, 161, 241 A.2d 791 (1968), and injunctive relief may be granted in such actions. *Poulin* v. *Towns of Danville and Cabot*, 128 Vt. 161, 169, 260 A.2d 208 (1969).

To the foregoing extent the holding in *Edwards et al.* v. *Henry and Viola Fugere*, 130 Vt. 157, 287 A.2d 582, handed down at the 1972 February Term of this Court, wherein the opinion in part stated that "injunctions go beyond the jurisdiction of the court in a declaratory judgment action" is inconsistent with our former decisions and is overruled.

The plaintiff, in reliance on the permit, expended money and substantially changed his position. In such circumstances, it is

contended that the Town of Waitsfield is estopped to contest the validity of the permit issued by the administrative officer. In view of the basis of our disposition of this case, this contention need not be passed upon by this Court.

*Judgment affirmed.*