# Richard H. Wright, et al. v. J. Paul Preseault

[306 A.2d 673]

No. 96-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed June 5, 1973

Motion for Reargument Denied July 11, 1973

*Paul, Frank & Collins,* Burlington, for Plaintiffs.

*Stephen R. Crampton, Esq.,* of *Gravel & Shea, Burlington,* for Defendant.

**Keyser, J.** This is an equitable proceeding to enjoin the building of two-family houses (duplexes) by the defendant on a parcel of land owned by him on North Avenue in the City of Burlington. All of the plaintiffs own and reside on property adjoining that of the defendant and thus are "interested persons" under 24 V.S.A. § 4464(b)(1)–(5). The defendant filed a motion for judgment on the pleadings for lack of jurisdiction of the court of the subject matter. The court granted the motion and dismissed the petition. From this action the plaintiffs appealed.

The defendant submitted his proposed development of thirty-eight duplex family houses to the City of Burlington Planning Commission for approval. After due notice and hearings, the Planning Commission granted approval to the proposed development and effectuated a contractual agreement between the City and the defendant and his wife dated March 22, 1971. The plaintiffs did not appear at the hearing by the Commission, but on April 19, 1971, subsequent to the time that the hearings had been completed, they requested that the hearings be reopened. The Commission denied the request and so notified the plaintiffs. The plaintiffs did not appeal from this decision or from the Commission's action approving the defendant's proposed development.

Subsequent to the approval by the Planning Commission, the defendant on April 30, 1971, was issued a building certificate of permit by the building inspector of the City of Burlington for the construction of four and one-half duplexes. The plaintiffs had no personal notice of the issuance of this building permit and did not learn of its issuance until sometime in June. As a consequence of this, on June 21, 1971, the plaintiffs brought their petition for a declaratory judgment and permanent injunction to restrain the erection of any buildings under the permit.

The plaintiffs challenge the building permit as being invalid for lack of notice of its issuance by the building inspector. Thus, they seek equitable relief against his action because,

not having knowledge or notice, they failed to appeal within the period specified by 24 V.S.A. § 4464(a). The material part of that statute at the time the permit was issued, entitled "Appeals", reads as follows:

> "At any time, any interested person may appeal any decision or act taken, or any failure to act, under this chapter, in any municipality by filing a notice of appeal with the secretary of the board of adjustment of that municipality or with the clerk of that municipality if no such secretary has been elected. If the appeal is taken with respect to a decision or act of an administrative officer, [in Burlington's case, the building inspector] such notice or appeal must be filed within 30 days of the date of such decision or act, and a copy of the notice of appeal shall be filed with such officer."

Title 24 V.S.A. § 4472, captioned "Exclusivity of remedy; finality", provides:

> "(a) The exclusive remedy of any interested person with respect to any decision or act taken, or any failure to act, under this chapter [91] or with respect to any one or more of the provisions of any plan or by-laws, shall be the appeal to the board of adjustment under section 4464 of this title. . . .

> (b) Upon the failure of any interested person to appeal to a board of adjustment under section 4464 of this title, . . . all interested persons affected shall be bound by such decision or act of such officer, such provisions, or such decisions of the board, as the case may be, and shall not thereafter contest, either directly or indirectly, such decision or act, such provision, or such decision of the board in any proceeding, including, without limitation, any proceeding brought to enforce this chapter."

The fact that a building permit had been issued became a part of the public record of the city. 24 V.S.A. § 3105. At the time in question there was no provision embodied in Chapter 91 of 24 V.S.A. which required that notice be given to "interested persons" either of the filing of an application for or the issuance of a building permit by the administrative of-

ficer of a town or city. However, by amendment enacted at the 1972 session of Legislature, the officer is now required to give notice of the issuance of a building permit by posting a copy in at least one public place in the municipality. 24 V.S.A. § 4443(b)(2), effective April 11, 1972.

The plaintiffs rely on *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), which defines due process in regard to notice of a legal proceeding. The case simply holds that a fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

The *Mullane* case was a proceeding concerning judicial settlement of the defendant's trust accounts as a special guardian in which notice to the beneficiaries was given only by newspaper publication. This is not the factual situation in the case at bar.

The duties of the building inspector are set forth in 24 V.S.A. chapter 69. He is charged with the duties of determining whether or not buildings and structures presently existing or under construction are unsafe and constitute a hazard to the public safety. See *Eno* v. *City of Burlington*, 125 Vt. 8, 209 A.2d 499 (1965). In order to carry out these duties, the building inspector, along with other administrative and judicial remedies, has the discretionary power not to grant a certificate of permission allowing for the construction or alteration of a building until he is satisfied "that such structure when completed will be properly built, and insofar as practicable of a fireproof construction". 24 V.S.A. § 3105.

However, 24 V.S.A. § 3105 also has a further condition upon which the granting of a certificate of permission by the building inspector is made contingent, namely:

"[I]n those municipalities that have adopted the provisions of chapter 67 of this title, relating to municipal zoning, the building inspector, before issuing said building certificate, shall be satisfied that by issuance of such certificate the zoning ordinance of said municipality will not be violated."

Effective March 23, 1968, the legislature repealed §§ 3001–3027 of 24 V.S.A. chapter 67, and enacted 24 V.S.A. chapter 91, entitled "Municipal and Regional Planning and Development", which allowed all zoning ordinances enacted under Chapter 67 to remain in effect (24 V.S.A. § 4491). No. 334 of the Public Acts of 1967.

The defendant alleged in his second affirmative defense, which was not contested by the plaintiffs, that the planning commission chose to treat his development as a subdivision by reason of the multiple use of one lot rather than by reason of multiple lots. As such, the defendant was required to submit a plat, or cartographic representation, of the subdivision to the planning commission for its approval. 24 V.S.A. §§ 4401(b)(2) and 4411.

No land development may be undertaken or effected within a municipality except in conformance with the zoning by-laws authorized under 24 V.S.A. chapter 91. 24 V.S.A. § 4441. Before the defendant's plat could be approved by the planning commission, public hearings had to be held after public notice. 24 V.S.A. § 4412. The exclusive remedy of an "interested person" aggrieved by the decision of the planning commission is by an appeal to the board of adjustment, and the failure to do so shall bind that person by the decision of the planning commission. 24 V.S.A. § 4472.

It must be presumed, absent a showing to the contrary, that the planning commission in approving the defendant's plat, was acting in accordance with its authority. See *Hoosier Engineering Co.* v. *Commissioner of Taxes*, 124 Vt. 341, 343, 205 A.2d 821 (1964); *Troy* v. *American Fidelity Co.*, 120 Vt. 410, 421, 143 A.2d 469 (1958). As such we cannot say that the planning commission approved a plat not in accordance with the zoning ordinance in effect in the City of Burlington in violation of 24 V.S.A. § 4441.

The plaintiffs complain that the development to be undertaken by the defendant will violate the zoning ordinance of the City of Burlington, but they failed to appeal the decision of the planning commission allowing such development to the board of adjustment under 24 V.S.A. § 4472. The plaintiffs now seek to enjoin such development by attempting to prevent the defendant from proceeding under the permit issued

by the building inspector approving the construction of the development by raising the issue that under 24 V.S.A. § 3105 such construction will violate the zoning ordinance of the City of Burlington.

They complain that before such certificate was issued, they should have had notice to allow them to contest such issuance. But the specific wrong upon which they base their right to relief is that the defendant will violate the zoning ordinance of the City of Burlington. On that issue, the plaintiffs have already had notice as provided for under 24 V.S.A. § 4412. They have had an opportunity to be heard before the planning commission upon whose shoulders rests the statutory duty to determine whether or not a development violates a municipal zoning ordinance.

When they were aggrieved by the planning commission's decision, they failed to use the statutory avenue to appeal provided them under 24 V.S.A. § 4472. The plaintiffs argue that they should have been given notice of the issuance of the certificate of permission by the building inspector in order for them to contest it. But this is the very same ground upon which a previous decision had been made by the planning commission, when plaintiffs had full notice and opportunity for hearing and the statutory right to appeal that decision if adverse.

The case of *Graves* v. *Town of Waitsfield*, 130 Vt. 292, 292 A.2d 247 (1972), provides some guidance in the present case. In *Graves,* a zoning administrator issued a zoning permit for the establishment and maintenance of a mobile home park for, as he construed it, all requirements of the zoning ordinance were met. After such permit was issued, the town passed a new zoning ordinance under which the mobile home park failed to comply with its requirements. By its decision this Court held that the town was estopped from enforcing the new zoning ordinance as to the mobile home park. This Court also interpreted 24 V.S.A. § 4472 at p. 295, stating:

> "Evidently of the firm belief [the Legislature] that there should, in fairness, come a time when the decisions of an administrative officer become final so that a person may proceed with assurance instead of peril, there was enacted, effective March 23, 1968, 24 V.S.A. § 4472."

The plaintiffs here are attempting to relitigate the question of whether or not the defendant's developments are in compliance with the zoning ordinance of the City of Burlington. Every opportunity for notice, hearing, and appeal from an adverse decision has been statutorily provided for under 24 V.S.A. chapter 91. To attempt to reopen the questions passed on by the final decision of the planning commission, which the plaintiffs themselves did not appeal to the board of adjustment, obviously prevents the defendant from proceeding "with assurance instead of peril."

The contention of the plaintiffs that the failure to provide notice of the issuance of the certificate of permission by the building inspector violates the Due Process of the United States Constitution is without merit when a complete statutory procedure guaranteeing notice, hearing and appeal following an adverse decision is provided by 24 V.S.A. chapter 91, on the exact issue sought to be heard before the building inspector.

The judgment for defendant dismissing said cause is correct in law.

*Judgment affirmed.*

---

### On Motion to Reargue

**Keyser, J.** The plaintiff-appellants' motion requests reargument so that the Court's opinion may be thoroughly reviewed, or, in the alternative, upon reconsideration that the judgment be reversed.

They first contend that the Court misapprehended that the Burlington Planning Commission had the statutory duty to determine whether or not the proposed development violated the municipal zoning ordinance. They maintain that 24 V.S.A. § 4441 does not impose a duty upon the planning commission. That statute, § 4441, provides:

"Within the jurisdiction of any municipality which has adopted any of the by-laws authorized by this chapter, no land development may be undertaken or effected except in conformance with those by-laws."

This Court presumed, with no showing to the contrary, that the plat was in conformance with the zoning ordinance of the City of Burlington and stated:

> "[W]e cannot say that the planning commission approved a plat not in accordance with the zoning ordinance in effect in the City of Burlington, in violation of 24 V.S.A. § 4441."

In 24 V.S.A. § 4415(2), the planning commission may require as a condition to the approval of any plat that the plots shown on said plat will at least comply with the zoning regulations. In 24 V.S.A. § 4407(3)(E), any modification of zoning regulations shall be set forth in a plan for residential development. The regulations that the planning commission may require conformity within approving a proposed development are in fact by-laws mentioned in 24 V.S.A. § 4441. 24 V.S.A. § 4401(b)(1). Although 24 V.S.A. § 4441 is found in subchapter 7 of chapter 91 of Title 24 which places the power of enforcement directly upon the administrative officer, the import of section 4441 is quite clear. It imposes a prohibition on *all* land development not in conformance with by-laws or regulations. As the planning commission has the power to authorize or deny land development, it is clear that the planning commission, being a creature of statute, may not, as a matter of law, disregard the mandate of 24 V.S.A. § 4441 in allowing land development not in accordance with the by-laws enacted pursuant to subchapter 6, chapter 91.

The appellants argue that although the planning commission has the power to administer the by-laws of subchapter 6, the zoning ordinance of Burlington never gave the planning commission the power to do so. However, the planning commission is, as stated before, a creature of statute. 24 V.S.A. § 4341. As such, it is to "perform duties and exercise powers imposed by law." *Taconic Racing Association* v. *Department of Public Safety,* 130 Vt. 388, 391, 296 A.2d 257 (1972). Also, the planning commission has authority to act only in accordance with, and subject to, the terms and conditions imposed by the State in the enabling act authorizing the grant of power. See *Town of Westford* v. *Kilburn,* 131 Vt. 120, 123, 300 A.2d 523 (1973). The planning commission had

the duty to operate in conformance with 24 V.S.A. § 4441. Hence, the planning commission cannot be said, as the appellants maintain, to have approved a development plan not in conformance with the zoning by-laws.

The appellants contend that the planning commission did not consider the zoning validity of the proposed plat. However, 24 V.S.A. § 4441 mandates that the development was not to be undertaken or effected except in conformance with those by-laws (subchapter 6). Without any evidence to the contrary, we must presume the planning commission acted in accordance with 24 V.S.A. chapter 91, including 24 V.S.A. § 4441. Moreover, this allegation that the planning commission did not consider the zoning validity of the plat was not raised below nor was any evidence presented to the Court suggesting that such was not so.

The appellants suggest that the consideration of the zoning validity of the proposed plat is an optional power under 24 V.S.A. § 4415(2), but the prohibition of 24 V.S.A. § 4441 against land development not in conformance with the by-laws of subchapter 6 is mandatory.

The appellants also suggest that the building inspector of the City of Burlington is the administrative officer charged with the duty of enforcing the zoning ordinance of the City of Burlington pursuant to subchapter 7 of chapter 91 of Title 24. However, nowhere has it been shown that the building inspector was the administrative officer who has been appointed by the planning commission pursuant to 24 V.S.A. § 4442. Absent such showing, it cannot be said that the building inspector was the administrative officer and thus charged with the enforcement of the zoning ordinance of the City of Burlington pursuant to 24 V.S.A. chapter 91, subchapter 7.

The appellants finally contend that our decision prohibits interested persons from contesting the zoning validity of a proposed housing development because that issue had already been considered by the planning commission. However, in the instant case, the appellants have neither shown in any way that the planning commission has not considered the zoning validity of the approved plat, nor that they used the exclusive statutory method of appeal if the planning commission did not do so or did so erroneously. See 24 V.S.A. § 4472.

If the planning commission acted erroneously, it is for the board of adjustment to make such a determination, not the building inspector.

 The duty of the building inspector is to determine whether or not the issuance of a building permit will violate the zoning ordinance of a municipality. 24 V.S.A. § 3105. Although it could be argued that the building inspector's duties run to make a determination as to whether or not the lot size upon which the buildings are to be erected are smaller than that provided in the zoning ordinance, such construction seems to run directly contra to the legislative intent of having a final administrative decision made to allow one to proceed with assurance instead of peril. *Graves* v. *Town of Waitsfield*, 130 Vt. 292, 295, 292 A.2d 247 (1972). Therefore, to resolve this seemingly legislative contradiction, we construe this duty of the building inspector to examine the type of building to be built under the building permit to see if it conforms with the development plan approved by the planning commission. See 24 V.S.A. § 4407(3). Construing this duty literally as the appellants suggest would enable the building inspector to veto any modification of the zoning regulations under the above statute, which, of course, would not violate 24 V.S.A. § 4441 as such modification is also a zoning by-law. Such interpretation would obviously defeat the intent of the legislature as stated in 24 V.S.A. § 4407(3), namely:

> "[T]o enable and encourage flexibility of design and development of land in such a manner as to promote the most appropriate use of land, to facilitate the adequate and economical provision of streets and utilities, and to preserve the natural and scenic qualities of the open lands of this state."

It is apparent that the legislature intended that the building inspector not have veto power over the planning commission. This is evidenced by the flexibility accorded the commission by § 4407(3).

*Petition for reargument is denied. Let full entry go down.*