STATE OF VERMONT

ENVIRONMENTAL COURT

| | |
|---|---|
| Appeal of Stonybrook } | Docket No. 14-1-02 Vtec |
| Condominium Homeowners' } | |
| Assn. } | |
| } | |
| } | |

Decision and Order on Cross-Motions for Partial Summary Judgment

Appellant Stonybrook Condominium Homeowners' Association appealed from a decision of the Planning Commission of the Town of Stowe, denying its application for a subdivision, to transfer a density unit to the subdivided parcel, and for a waiver of a requirement applicable to an Agricultural Planned Residential Development (PRD). Appellant is represented by Gerald R. Tarrant, Esq. and Peter G. Anderson, Esq.; interested parties are represented by Jeff W. Lively, Esq.;and the Town is represented by Joseph S. McLean, Esq. Appellant and the Town have moved for summary judgment on Questions 1 and 4 of the Statement of Questions. The Town has also moved to dismiss Questions 2, 3, 4, 5, 7, and 8 of the Statement of Questions.

The following facts are undisputed unless otherwise noted.

The property at issue in this appeal is part of an existing Agricultural PRD of 116.72 acres approved in 1992, known as Stonybrook. Appellant applied[1] to the Planning Commission on September 7, 2001 to subdivide a 16.4-acre parcel within the Agricultural PRD , to transfer a density unit (previously approved within the Agricultural PRD but at another location) to the subdivided parcel, and for a waiver of the increased setback requirement otherwise applicable to the property. The 16.4-acre parcel is located in the Rural Residential 5 (RR-5) zoning district and in the Meadowland Overlay district.

The Planning Commission warned a public hearing on the application and held it on October 9, 2001. After taking testimony, the Planning Commission members voted to close the public hearing, and set the regularly-scheduled meeting of October 23, 2001 as the date on which they would deliberate.

The Director of Planning for the Town is not a voting member of the Planning Commission; among other duties, he performs staff functions for the Planning Commission. Between October 9, 2001 and October 23, 2001, he received various communications regarding Appellant's application, including a letter from an individual owner of one of the Stonybrook condominiums complaining about lack of individual notice to each condominium owner, and requesting that the hearing be reopened.

On October 23, 2001, the Planning Commission held an open deliberative session on Appellant's application, at which the Planning Director reported that since the October 9, 2001 hearing he had received " pertinent information" which the Planning Commission might want to consider at

an additional public hearing that would have to be warned for the purpose, and that with the time needed for the warning, such additional public hearing could be scheduled for November 27, 2001. The Planning Commission discussed whether to reopen, and at the October 23, 2001 hearing voted unanimously to reopen the hearing on Appellant's application.

Over Appellant's objection, on November 27, 2001, the Planning Commission held the warned reopened public hearing on Appellant's application, took additional evidence and argument on the application, voted again to close the hearing, and voted to go into deliberative session. By written decision dated December 19, 2001, the Planning Commission denied the application. In evaluating the application, the Planning Commission considered evidence suggesting that Appellant planned to resell the 16.4-acre parcel to a purchaser with plans to develop a commercial equestrian facility on the parcel.

<u>Motion to Dismiss Questions 2, 3, 4, 5, 7, and 8 (former numbering) of the Statement of Questions</u>

This appeal will be heard <u>de novo</u> before this Court. Appellant has filed an amended Statement of Questions and the Court will consider the motion to dismiss as it applies to the amended Statement of Questions. Former Question 3 has been withdrawn; the new Questions 1 through 7 correspond sequentially to former Questions 1, 2, 4, 5, 6, 7, and 8.

Amended Questions 5 and 6 now pose appropriate questions in this <u>de novo</u> proceeding. Amended Questions 3 and 4 also can be read to pose appropriate questions in this <u>de novo</u> proceeding, with the understanding that the Court sits in place of the planning commission, so that the issues are whether the Court in the <u>de novo</u> proceeding should consider a prospective purchaser's potential use of the property or should consider any past permit violations on the part of the applicant.

Amended Question 7 poses a conflict of interest question at least as to the Planning Commission members, and is potentially appropriate for consideration by this Court, but only if the disqualification of those four of the ten members present on November 27, 2001 would have changed the result <u>and</u> if Appellant is seeking a remand for the Planning Commission to consider the application anew without the participation of those members. Otherwise, amended Question 7 is subject to being dismissed as moot.

Similarly, amended Question 2 poses a procedural question potentially appropriate for consideration by this Court, but only if the individual condominium owners still should be notified <u>and</u> if Appellant is seeking a remand for the Planning Commission to consider the application anew after the individual owners are notified. Otherwise, amended Question 2 is subject to being dismissed as moot, especially as those individual owners are free to apply for interested party status in the present <u>de novo</u> proceeding.

Accordingly, amended Questions 7 and 2 will be dismissed as moot effective July 23, 2002 unless by July 22, 2002, Appellant files a brief memorandum and supporting documentation, including a copy of the decision appealed from, requesting remand, showing how the disqualification of those four members would have changed the result, and showing how the

prospective notification of the individual condominium owners would affect the present proceeding, if at all. If such a memorandum is filed, the Town may file a responsive memorandum so that it is <u>received</u> at the Court on or before July 30, 2002, and the Court will rule on the remand request and the mootness of amended Questions 7 and 2 on or about August 5, 2002.

<u>Question 1 of the Statement of Questions</u>

Appellant argues that the Planning Commission had no authority to reopen the proceedings after the October 9, 2001 vote to close them, and that the delay of the decision until December 19, 2001 should have resulted in the deemed approval of the application.

The state statute and Town's subdivision regulations both provide that a Planning Commission's failure to act on an applicant's subdivision application within 45 days after the public hearing results in the so-called 'deemed approval' of that application. 24 V.S.A. § 4417; § 3.2 of the Town of Stowe Subdivision Regulations. However, deemed approval is only applied to remedy deliberate or negligent failure of a board to render a decision. See, <u>e.g.</u>, <u>Appeal of Newton Enterprises</u>, 167 Vt. 459 (1998); <u>Hinsdale v. Village of Essex Junction</u>, 153 Vt. 618 (1990). In the present case, there was no inaction on the part of the Planning Commission. Rather, within the time allowed for its deliberations it voted to reopen the proceedings, and, still within the time allowed for its deliberations, it notified Appellant and other interested parties of the reopened hearing, and also provided a published warning of that reopened hearing. After the second closing of the public hearing on November 27, 2001, the Planning Commission rendered its decision within the allowed 45-day period.

Appellant argues that the language in § 3.2 allowing an agreed extension of the 45-day period implies that the Planning Commission cannot reopen a hearing absent such agreement. However, the 'agreed extension' language only governs the length of time available to the Commission from the closure of the hearing to the rendering of the decision on the application. It does not address the conditions under which a Planning Commission can decide to reopen the proceedings and reset the 45-day clock.

This court analyzed the problem of whether and when a municipal body can reopen proceedings in <u>Appeal of Dunn</u>, Docket No. 21-1-98 Vtec (Vt. Envtl. Ct., March 8, 1999). The reasoning in <u>Dunn</u>, slip op. at 4-5, applies in the present circumstances:

Any quasi-judicial board, whether municipal or administrative, should be allowed a limited time to reopen a decision and to take new evidence, if only for reasons of judicial and litigant economy in the reviewing court. That is, it is far more efficient for such a board to have the opportunity to correct its own decisions than to have the reviewing court necessarily make the correction. Further, even in a <u>de</u> <u>novo</u> proceeding, the reviewing court may find it necessary to remand the matter to the board for it to consider an issue in the first instance. <u>In re Maple Tree Place</u>, 156 Vt. 494, 499 (1991). It is much better practice to avoid unnecessary remands [footnote omitted] by allowing a board, which realizes that it has acted on incomplete or inadequate information, or is informed of previously-unavailable evidence, to reopen the initial proceeding if such a procedure may result in a sounder decision, so long as the reopening works no prejudice

on the parties and they have adequate notice of the reopened hearing.

Litigants also are entitled to a reasonably prompt [footnote omitted] certainty of decision at the municipal level, so that they can act on or appeal a granted or a denied permit, as the case may be. Just as with decisions of an administrative officer, " there should, in fairness, come a time when the decision" becomes final, so that a person may appeal from it or may rely on it to " proceed with assurance instead of peril." Levy v. Town of St. Albans, 152 Vt. 139, 142 (1989), citing Graves v. Town of Waitsfield, 130 Vt. 292, 295 (1972).

These policy consideration may best be balanced to allow a ZBA to reopen a decision under the following conditions. First, prior to the expiration of the time for appeal of the original decision, the ZBA must vote to reopen and must provide the interested parties and the public with proper notice of the hearing to be held on the reopened decision. Second, the ZBA must allow all interested parties to present any additional evidence and argument at the hearing on the reopened decision. Under these conditions, there is no prejudice either to parties favoring the original decision, nor to parties intending to appeal the original decision.

In the present case, the Planning Commission voted to reopen during its original deliberations, and before even having rendered an initial decision. It provided the interested parties and the public with proper notice of the reopened hearing and allowed all interested parties to present additional evidence and argument at the reopened hearing. Under these conditions, there was no prejudice either to parties seeking approval or those seeking disapproval of the application.

Accordingly, summary judgment is entered in favor of the Town on Question 1 of the Statement of Questions.

Amended Question 3 (former Question 4) of the Statement of Questions

Appellant argues that the Planning Commission, and hence this Court, is precluded from considering the possible prospective use of a parcel when ruling on the subdivision of a lot. The problem posed by this question is only an issue because the application involves a subdivision request and also may involve modifications to the Agricultural PRD approval, to transfer a density unit to the new parcel and to waive the otherwise-applicable setback requirement. Although the three approvals were applied for together, and are all within the purview of the Planning Commission rather than the ZBA, Appellant is correct that they are not necessarily linked. However, without either the application or the decision appealed from, we cannot determine whether the subdivision request necessarily requires an amendment to the Agricultural PRD simply to effect the subdivision, and without regard to what may or may not be built on the subdivided parcel. Accordingly, summary judgment must be denied on this question as material facts are in dispute, or at least have not been provided, regarding the application and the 1992 Agricultural PRD approval decision.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town' s Motion for Summary Judgment is GRANTED and Appellant-Applicant' s Motion for Summary Judgment is DENIED as to Question 1 of the Statement of Questions, and summary judgment is DENIED as to amended Question 3 of the Statement of Questions, as material facts are in dispute. Former

Question 3 of the Statement of Questions has been withdrawn, the Town's Motion to Dismiss amended Questions 3, 4, 5, and 6 is DENIED, and amended Questions 2 and 7 will be dismissed as moot effective July 23, 2002, unless motions are filed by July 22, 2002 as discussed above.

The hearing on the merits remains scheduled for September 5, 2002.

Done at Barre, Vermont, this 9th day of July, 2002.

_____

Merideth Wright
Environmental Judge

## Footnotes

1. Neither the application nor the December 19, 2001 decision has been provided to the Court. From the material available, it is not possible to determine whether the three requests were made separately or on the same application, or whether any of the requests was filed as an amendment of the 1992 Agricultural PRD. The minutes of the November 27, 2001 proceeding do reflect at least that the Planning Commission had all three requests before it in the proceedings that resulted in the decision appealed from.