STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 120-8-14 Vtec |
| Burns Two-Unit Residential Building | DECISION ON MOTION |

## Decision on Motion for Summary Judgment

The matter before the Court relates to a two-unit residential building owned by Charles and Cynthia Burns (Applicants) located at 12 Weston Street in the City of Burlington, Vermont (the Property). On June 3, 2014, Applicants submitted a form titled "Non-Applicability of Zoning Permit Requirements" to the City of Burlington (the City) Department of Planning and Zoning requesting a determination for interior renovations and reconfiguration of the two units in the building. That same day the City approved the form and determined no zoning permit was required for the proposed work. A group of neighbors, Michael Long, Alex Friend, Greg Hancock, Hamilton Davis, Matt Moore, Scott Richards, Peg Boyle Single, Paul Bierman, Bret Findley, Jesse Robbins, Caryn Long, Mary Moynihan, Kari Hancock, Candace Page, Susan Moakley, Kathleen Donahue, Richard Single, Sandra Wynne, and Alexander Johnston, (Neighbors) appealed that determination to the City of Burlington Development Review Board (DRB), which, by decision dated July 24, 2014, denied the appeal and affirmed that no zoning permit was required for Applicants' proposed work. Neighbors timely appealed that decision to this Court. Applicants are represented in this appeal by Brian P. Hehir, Esq. Neighbors are represented by Norman Williams, Esq. The City of Burlington is represented by Kimberlee J. Sturdevant, Esq.

## Factual Background

For the sole purpose of putting the pending motion into context the Court recites the follow facts which it understands to be undisputed:

1. Applicants Charles and Cynthia Burns own a two-unit residential building located at 12 Weston Street in the City of Burlington, Vermont. Applicants purchased the Property in

June 2014. The Property transfer tax return for the purchase of the Property describes the building as a multi-family dwelling.

2. The purchase and sale agreement entered into between Applicants and the prior owner in January 2014 describes the Property as a lot of land with a 2 unit apartment building. The prior owner also subsequently executed an addendum to the purchase and sale agreement in which the seller affirmed that the premises had been used by the seller as a duplex/multi-family dwelling continuously since 1967.

3. On March 14, 2014, a neighboring property owner, Judy Rosenstreich, submitted a Zoning Enforcement Complaint Form to the City of Burlington alleging that modifications and interior renovations were being conducted at the Property resulting in an expansion of the living space and the creation of two apartments without the required zoning permit.

4. The City of Burlington Code Enforcement Office Zoning Specialist, Jeanne Francis, responded to the complaint by letter dated May 15, 2014. The letter states that there was no zoning violation as the use of the Property for two apartments predated the adoption of the relevant zoning regulations and therefore was permissible. The letter references a sworn affidavit of Applicants' predecessor in interest which also stated that the Property had been used a duplex since the 1960s as well as an affidavit from the tenant living in the third floor apartment at the Property.

5. The letter states that the decision of the zoning enforcement officer pertaining to an alleged zoning violation was appealable to the City of Burlington Development Review Board (DRB).

6. The Code Enforcement Office Zoning Specialist has been formally delegated authority from the City's Zoning Administrator to enforce the City's zoning regulations and has done so since the late 1990s. The May 15 letter was issued with the full knowledge and authorization from the Zoning Administrator who reviewed the letter personally before it was sent to Ms. Rosenstreich.

7. No party appealed the May 15, 2014 decision of the Code Enforcement Office Zoning Specialist.

2

8. On June 3, 2014, Applicants and the prior owner filed with the City a form titled "Non-Applicability of Zoning Permit Requirements." By this form, Applicants indicated their intention to reconfigure the interior of the duplex such that the first floor would be one unit and the second and third floors the second unit. As it is currently configured, the first two floors make up one unit and the third floor another. The form was reviewed and approved by the City.

9. The Neighbors appealed the zoning non-applicability determination to the DRB.

10. The DRB issued findings of facts and a decision dated July 24, 2014 denying the appeal and concluding that Applicants did not require a permit for the proposed interior reconfiguration.

11. Neighbors timely appealed that decision to this Court.

<u>**Analysis**</u>

Neighbors' Statement of Questions asks three questions. First, Question 1 asks: "Does the Applicant's project require a zoning permit under section 3.1.2 of the Burlington Comprehensive Development Ordinance (CDO)?" Question 2 asks: "Does that Applicant's property meet the requirements for use as a duplex under the CDO?" And Question 3 asks: "If not, is the Applicant nonetheless entitled to use the property as a duplex based on the doctrine of prior non-conforming use?" Applicants now move for summary judgment on all three Questions. They argue that Questions 2 and 3 were answered in the prior determination from the Code Enforcement Office Zoning Specialist and because that decision was not appealed it is final and binding. Additionally, Applicants argue that based on the undisputed facts they are entitled to judgment as a matter of law regarding Question 1. Neighbors oppose the motion arguing that material facts are in dispute regarding all three Questions and that the prior determination is not binding as a matter of law. The City of Burlington (City) filed a memorandum in support of the motion for summary judgment agreeing with Applicants on all issues.

I. **Summary Judgment Standard**

The Court will grant a moving party summary judgment upon a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

of law." V.R.C.P. 56(a). We must "accept as true the [factual] allegations made in opposition to the motion for summary judgment" and give the non-moving party the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (internal citation omitted); see V.R.C.P. 56(c) (laying out summary judgment procedures). The Court "need consider only the materials cited in the required statements of fact, but it may consider other materials in the record." V.R.C.P. 56(c)(3).

## II.      **Preclusive Effect of Prior Determination**

Applicants argue that 24 V.S.A. § 4472(d) precludes any direct or collateral attack on the unappealed decision of the Zoning Specialist contained in the May 15, 2014 letter. Neighbors contest this claim, arguing that § 4472(d) applies to decisions by the Zoning Administrator, and not the Code Enforcement Office Zoning Specialist, as is at issue in the pending appeal. Neighbors also argue that to apply § 4472(d) under these circumstances would deprive them of their constitutionally protected due process rights.

Section 4472 provides that the exclusive remedy for contesting a zoning act or decision shall be an appeal to the appropriate municipal panel under 24 V.S.A. § 4465. 24 V.S.A. § 4472(a). Furthermore, "[u]pon the failure of any interested person to appeal to an appropriate municipal panel under section 4465 . . . all interested persons affected shall be bound by that decision or act . . . and shall not thereafter contest, either directly or indirectly, the decision or act . . . in any proceeding. . . ." 24 V.S.A. § 4472(d); In re Ashline, 2003 VT 30, ¶¶ 8–11, 175 Vt. 203. As the Vermont Supreme Court has held,

> We strictly enforce the exclusivity of remedy provisions contained within § 4472 to require that all zoning contests go through the administrative and appellate review process in a timely fashion. As such, we have consistently held that § 4472 "bars attack on a zoning decision even when the decision is alleged to have been void ab initio."

Ashline, 2003 VT 30, ¶ 10 (quoting City of S. Burlington v. Dep't of Corr., 171 Vt. 587, 589 (2000) (mem.) (internal citation omitted); see also Graves v. Town of Waitsfield, 130 Vt. 292, 294–95 (1972) (holding that § 4472 barred a challenge to a zoning administrators act despite lack of the administrator's authority to issue the permit). We find Neighbors' argument that the decision of the Code Enforcement Office Zoning Specialist should not be given preclusive effect because it was not an act or decision of the Zoning Administrator

4

unpersuasive. It is clear from the letter itself that the decision constitutes a decision by the City relative to the legal status of the use of the property as a duplex and that the decision was appealable to the Burlington Development Review Board. It is also undisputed that the Zoning Administrator granted the Zoning Specialist, and the Code Enforcement Office more generally, the power to issue such letters and that the Zoning Administrator personally reviewed and authorized this letter. Regardless, § 4472(d) is clear that zoning decisions of this type when not appealed are final and binding and cannot be subsequently attacked.

Neighbors argue that applying § 4472(d) to this determination deprives them of their right to contest the Zoning Specialist's determination without due process required by the Constitution. They rely on Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982), where the United States Supreme Court held that the failure of the Illinois Fair Employment Practices Commission to hold a required hearing within the statutorily mandated time frame could not deprive the employee of his due process rights. The Court held that once the legislature had established a statutory right to seek redress it could not deprive that right without the appropriate procedural safeguards. Id. at 432 (citing Vivtek v. Jones, 445 U.S. 480, 490–91, n.6 (1980); Arnett v. Kennedy, 416 U.S. 134, 167 (1974) (opinion concurring in part)). In the present matter, the statutory provision at issue provides that unappealed zoning decisions be given finality and that upon the failure of an interested person to appeal a determination it becomes final against any interested person. 24 V.S.A. § 4472(d); Ashline, 2003 VT 30, ¶ 10. The statute does not require notice of a decision in response to a zoning complaint be served on neighboring landowners. Neighbors allegation that they had no notice of the Zoning Specialist's decision on Ms. Rosenstreich's complaint is therefore immaterial. Section 4472(d) indicates a clear policy, consistently recognized by the Vermont Supreme Court, that zoning determinations be given finality and not be subject to relitigation or collateral attack. To adopt Neighbors' suggested expansion of the right to attack an unappealed zoning determination whenever a party failed to receive notice would undermine this policy, especially considering that no notice is required by statute.

The May 15, 2014 decision that the subject property is used as a duplex became final and binding after the appeal period in § 4465 ran and the decision was not appealed.

5

Therefore, Applicants are entitled to judgment as a matter of law on Neighbors' Questions 2 and 3.

**III.**       **Whether a Zoning Permit is Required for Applicants' Proposed Work**

Applicants filing dated June 3, 2014 seeks a determination that reconfiguration of the interior of the building such that one unit occupies the second and third floors and one unit occupies the first floor, with no change to the number of units and no increase in finished living space, does not require a zoning permit from the City. The DRB's decision on appeal is clear that it relates only to the work described in the zoning non-applicability form, which requests the reconfiguration and expressly states that Applicants do not request to increase the habitable living space, change the use, or add a unit to the Property. The sole question before the Court, therefore, is whether the requested alterations require a zoning permit under § 3.1.2 of the Burlington Comprehensive Development Ordinance (CDO).

Section 3.1.2 provides that the following list of "interior work" requiring a permit:

1. Increase in habitable living space (including, but not limited to, attic, bedroom, basement, garage, and winterizing or otherwise enclosing a porch.).
2. Installation of additional kitchen.
3. Change in use.
4. Home Occupations.
5. Increase or decrease in the number of units.

CDO § 3.1.2(b).

Neighbors sole argument in opposition to Applicants' motion for summary judgment on Question 1 is that there are material facts in dispute as to whether the interior work done by Applicants increased the habitable space by adding a kitchen and multiple bedrooms and by changing the use of the basement from unfinished to finished space. These issues, however, are not before the Court. Appeals to this Court are limited to those issues that were properly before the municipal panel below. In re Torres, 154 Vt. 233, 235 (1990) ("The reach of the superior court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader."). This includes Applicants' non-applicability request as well as the DRB's decision on that request, but does not include any determination regarding the addition of bedrooms, the addition of a kitchen, or the conversion of the

basement to habitable living space. If Applicants have undertaken other development not described in the non-applicability request or the DRB's decision, it is a matter for the City to enforce the CDO.

The Court therefore concludes, that based on the plain language of § 3.1.2(b), the reconfiguration of the existing duplex such that one apartment will be located on the first floor and the other on the second and third floor, with no increase in habitable space, no additional kitchen, and no increase or decrease in the number of units, does not require a permit.

### Conclusion

For the reasons stated in greater detail above, the use of the Property as a duplex was conclusively decided by the Code Enforcement Office Zoning Specialist's May 15, 2014 letter. As that decision was not appealed, it is final and binding. Neighbors cannot collaterally challenge that determination in this proceeding by arguing that Applicants' use of the Property as a duplex is in violation of the CDO. Additionally, because the reconfiguration of the duplex without any increase or decrease in the number of units, any other interior renovations, or an increase in habitable living space does not constitute development under the plain language of the CDO, no permit is required for that work. Any changes to the use of the Property, apart from that reconfiguration, may require a permit and failure to have obtained a permit prior to undertaking that work may be cause for enforcement against Applicants by the City. Those issues, however, are outside the scope of this appeal and are not before the Court. We therefore **GRANT** Applicants' motion and enter judgment in favor of Applicants on all three of Neighbors' Questions. A judgment order accompanies this decision.

Electronically signed on June 23, 2015 at 01:40 PM pursuant to V.R.E.F. 7(d).

_Tom Walsh_

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

7