VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 115-10-19 Vtec



| Zins 2-Lot Subdivision Denial |
|---|

## ENTRY REGARDING MOTION

Title:          Motion for Partial Summary Judgment

Filer:          David W. Rugh, attorney for the Town of Charlotte

Filed Date:     January 31, 2020

Response in Opposition and Cross Motion for Partial Summary Judgment filed on February 28, 2020, by Liam L. Murphy, attorney for Appellant Andrew Zins.

Reply in Support of the Town's Motion for Partial Summary Judgment and Opposition to Cross Motion for Summary Judgment, filed on April 3, 2020, by David W. Rugh, attorney for the Town of Charlotte.

Reply in Support of Appellant's Cross-Motion for Partial Summary Judgment and Opposition to Town's Motion for Partial Summary Judgment, filed April 20, 2020, by Liam L. Murphy, attorney for Appellant Andrew Zins.

The motion is **DENIED**.

Appellant Andrew Zins ("Applicant") seeks to subdivide a +/-96.45-acre property located at 1654 Prindle Road in Charlotte, Vermont ("the Property") into a +/-5-acre lot ("Lot 1") and a +/-91.45-acre lot ("Lot 2"). The Town of Charlotte Planning Commission ("PC") denied the application, which Applicant subsequently appealed to this Court. In connection with his appeal, Applicant filed his Statement of Questions which lists eight Questions for adjudication.

Presently before the Court is the Town of Charlotte's ("Town") motion for partial summary judgment and the Applicant's cross motion for partial summary judgment. By their respective partial summary judgment motions, both the Town and Applicant only ask this Court to consider whether two of the eight Questions posed in Applicant's Statement of Questions are

*Zins 2-Lot Subdivision Denial*, 115-10-19 Vtec slip op. (Vt. Super. Ct. Envtl. Div. Dec. 15, 2020) (Durkin, J.).

appropriate for summary judgment, each requesting partial summary judgment in their respective favor only on Questions 1 and 2. Because of this procedural reality, our determination here will not dispose of all the legal issues raised in this appeal.

The principal focus of all of Applicant's Questions is a certain condition imposed by the Town of Charlotte Planning Commission on April 6, 2000 when it approved a prior two-lot subdivision that created the lot Applicant currently owns. That condition directed that any future subdivision of the two lots created in 2000 must include a designation of open space on the lots.

Questions 1 and 2 of Applicant's Statement of Questions address the alleged vagueness and enforceability of the 2000 Decision condition. The Town argues that the "open space" condition (Condition No. 3 in the 2000 approval) is unambiguous and enforceable. In the alternative, if the language is ambiguous, the Town contends that § 5.15 of the 1997 Bylaws and other extrinsic evidence demonstrate a clear meaning. Applicant cross-moved for summary judgment on Questions 1 and 2, arguing that Condition No. 3 is not enforceable and fails to provide sufficiently specific notice. We address these two Questions in our discussion below.

Applicant is represented by Liam L. Murphy, Esq. The Town is represented by David W. Rugh, Esq.

**Factual Background**

We recite the following facts solely for the purposes of deciding the pending partial summary judgment motions. These recitations do not constitute factual findings, since factual findings cannot be rendered until after the Court has completed a trial. Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem.); see also Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14.

1. Applicant owns a +/-96.45-acre property located at 1654 Prindle Road in Charlotte, Vermont. Applicant's property is located in the Town of Charlotte Rural Zoning District.

2. Applicant's Property was originally created by a two-lot subdivision application by then-Landowner Marjorie Majors and Applicant Gerladine Cohen ("2000 Application") on January 20, 2000.

3. The Town of Charlotte Planning Commission ("PC") approved the 2000 Application on April 6, 2000 ("the 2000 Decision"). The 2000 Decision divided the original 177.26-acre lot into the current Applicant's 96.45-acre parcel ("Lot A") and an 80.81-acre parcel ("Lot B"). The 2000 Decision was not appealed.

4. The Town of Charlotte Zoning Bylaws in effect at the time of the 2000 Decision ("1997 Bylaws") required, pursuant to § 15.5, that any subdivision which created building lots involving 25 or more acres were to be evaluated under the Bylaws Planned Residential Development ("PRD") standards. Under § 5.15(D)(5), "[t]he [PC] shall consider the following guidelines when establishing open space area requirements: for PRD parcels of 25 to 100 acres in size, open space areas are recommended to be 15% to 50% [or more] of the total area; for PRD parcels over 100 acres in size, open space areas are recommended to be 50% [or more] of the total area."

5. The 2000 Decision, noting that § 5.15 included open space requirements that recommended 50% or more open space for parcels over 100 acres, imposed Condition 3, which stated that "the designation of open space, as required under § 5.15 of the [1997 Bylaws], will be deferred until any future subdivision of either [Lot A] or [Lot B]; this condition shall be added to the survey."

6. The Subdivision Plat for the 2000 Application included a description that "[a]ny further subdivision of either Lot [A] or Lot [B] shall require the designation of open space as required by [§] 5.15 of the Zoning Bylaws."

7. In 2006, the Town amended the 1997 Bylaws, repealing § 5.15(D)(5) in its entirety and relocating the PRD standards to Chapter VIII, which addresses subdivision standards.[1]

8. On July 2, 2019 Applicant filed an application seeking to subdivide the 96.45-acre lot into a +/-5-acre lot ("Lot 1") and a +/-91.45-acre lot ("Lot 2"). The application did not propose any designated open space. Applicant expressed an intention to sell the +/-5-acre lot as

---

[1] The current Land Use Regulations for the Town (Approved March 1, 2016) contain several directives in Chapter VIII that open space requirements should be considered. See § 8.6.

*Zins 2-Lot Subdivision Denial*, 115-10-19 Vtec slip op. (Vt. Super. Ct. Envtl. Div. Dec. 15, 2020) (Durkin, J.).

undeveloped land and retain the +/-91.45-acre lot, upon which a single-family home already exists.

9. The PC denied Applicant's proposed subdivision on September 23, 2019 ("2019 Decision"), finding that Applicant did not satisfy the Stowe Club Highlands Test for permit amendment and denying Applicant's request for a 2-lot minor subdivision. The PC specifically noted that Applicant's subdivision plans did not include a provision for open space.[2] Thereafter, Applicant timely appealed to this Court.

## Legal Standard

We begin our analysis by reciting the general standard that to prevail on a motion for partial summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" on the legal issues presented. V.R.C.P. 56(a), made applicable here through V.R.E.C.P. 5(a)(2). When considering any motion for summary judgment, the nonmoving party receives the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356. When considering cross-motions for summary judgment, the court considers each motion individually and gives the opposing party the benefit of all reasonable doubts and inferences. City of Burlington v. Fairpoint Commc'ns, Inc., 2009 VT 59, ¶ 5, 186 Vt. 332. In determining whether there is any dispute over a material fact, "we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c)(1)(A).

---

[2] The 2019 Decision noted that the PC "would otherwise be inclined to grant the proposed 2-Lot subdivision provided that at least 50% of the existing 96.45-acre parcel, including the area of the parcel with Significant Forest Habitat is conserved in either an open space agreement with the Town; or through a conservation easement . . . [and the PC would require] the designation on the plat of a maximum 1.5-acre sized building envelope on the easterly portion of the 5-acre lot." See In re Andrew Zins and Cydney Spohn Application for a 2-Lot Minor Subdivision No. PC-19-107-SD, Findings of Fact and Decision, at 8 (Charlotte Planning Commission Subdivision Review Sept. 23, 2019) [hereinafter 2019 Decision].

*Entry Regarding Motion*                                                                                          *Page **4** of **8.***

*Zins 2-Lot Subdivision Denial, 115-10-19 Vtec slip op. (Vt. Super. Ct. Envtl. Div. Dec. 15, 2020) (Durkin, J.).*

**Discussion**

Applicant's Question 1 and 2 concern whether the 2000 Decision's deferred open space condition is enforceable and sufficiently clear. Applicant argues that Condition No. 3 is unenforceable because the condition (a) references Bylaw § 5.15, which was repealed in 2006 and therefore is no longer applicable to current zoning applications; (b) should be interpreted by regulations currently in effect at the time of the application; and (c) allows for standardless discretion. The Town counters that Applicant's challenge constitutes an impermissible collateral attack on a final condition of a prior subdivision approval, pursuant to 24 V.S.A. § 4472. Questions 1 and 2 ask:

1. Is the 2000 approval containing a deferred open space requirement (the "2000 Condition") enforceable on Applicant's present application?

2. Is the 2000 Condition not sufficiently specific enough to give notice to the limitations on the property, and is therefore, not enforceable, in violation of In re Farrell & Desautels, Inc., 135 Vt. 614 (1978)?

Applicant's Statement of Questions at 1, filed Oct. 11, 2019.

Under 24 V.S.A. §§ 4471 and 4472(a) an appeal is the "exclusive remedy" for a party seeking to alter a municipal act or decision. If a direct appeal is not taken, the decision of the zoning board is final and can not be contested "either directly or indirectly" in subsequent proceedings.[3] *See* 24 V.S.A. § 4472(d); *see also* Levy v. Town of St. Albans Zoning Bd. of Adjustment, 152 Vt. 139, 142 (1989) (concluding that Plaintiffs were unable to collaterally attack a 1984 decision of the zoning board by claiming the decision was void ab initio); Harvey v. Town of Waitsfield, 137 Vt. 80, 83(1979) (stating that § 4472 barred collateral attack on zoning board

---

[3] The Vermont Supreme Court has noted the "strong policy interests in finality" and the role of § 4472 in demonstrating an "unmistakable intent to limit zoning disputes to a well-defined procedure and to provide finality at the end of the proceedings." *See* In re Hignite, 2003 VT 111, ¶ 8; City of S. Burlington v. Dep't of Corr., 171 Vt. 587, 590 (2000) (mem.); In re Hildebrand, 2007 VT 5, ¶ 14.

Indeed, § 4472(a) and (d) "implement a weighty policy of repose grounded in the premise that, with respect to municipal zoning, 'there should, in fairness, come a time when the decisions of an administrative officer become final so that a person may proceed with assurance instead of peril.'" In re Hopkins Certificate of Compliance, 2020 VT 47, ¶ 8 (*citing* Levy v. Town of St. Albans Zoning Bd. of Adjustment, 152 Vt. 139, 142 (1989)); Graves v. Town of Waitsfield, 130 Vt. 292, 295 (1972).

decision when the action challenged validity of zoning ordinance which board's authority derived); *see also* <u>Graves v. Town of Waitsfield</u>, 130 Vt. 292, 295 (1972).

Here, the 2000 Decision was not timely appealed by the predecessors in interest. Failure to timely appeal a permit condition "binds the successor in interest." <u>In re Hildebrand</u>, 2007 VT 5, ¶ 11, 181 Vt. 568; <u>In re Sisters & Bros. Inv. Grp., LLP</u>, No. 106-5-06 Vtec, slip op. at 6 (Vt. Envtl. Ct. Feb. 21, 2007) (Durkin, J.) ("[§] 4472 is broader than claim and issue preclusion, in that under it persons who were not parties to a prior appeal can be bound by the final determination in that appeal."). Indeed, "enacted, unappealed subdivision permit conditions that are the subject of a subsequent amendment application are considered final and cannot be collaterally challenged under the explicit and interpreted directive of 24 V.S.A. § 4472." <u>Hildebrand</u>, 2007 VT at ¶ 11. Therefore, Applicants are bound to the conditions imposed and may not collaterally attack the subdivision conditions either directly or indirectly.

Applicants argue that an "applicant is entitled to review of its land use proposal under the iteration of the relevant land use laws in effect at the time the landowner submits a 'proper application.'" *See* Applicant's Cross Motion for Partial Summary Judgment at 5, Filed Feb. 28, 2020 (*citing* <u>In re Tolley Assocs.</u>, 2006 VT 132, ¶ 11, 181 Vt. 190 (citation omitted)). Under the vested rights doctrine, Applicants argue that § 5.15 of the 1997 Bylaws should not apply since Applicant submitted his application in 2019, after § 5.15 was repealed. Applicants also argue that the language of Condition No. 3 is vague and unenforceable.

Both of Applicant's arguments constitute collateral attacks on a final subdivision permit condition. *See* <u>In re Hopkins Certificate of Compliance</u>, 2020 VT 47, ¶ 12 (defining collateral attack); <u>City of S. Burlington v. Dep't of Corr.</u>, 171 Vt. 587, 588–589 (2000) (mem.) (stating that the purpose of § 4472 is to "prevent *any* kind of collateral attack on a zoning decision that has not been properly appealed" (*emphasis in original*)). Indeed, this Court has enforced § 4472(a) and (d) to "prevent collateral attack on unappealed zoning decisions 'strictly' and 'uniformly in cases stretching back several decades,' even under circumstances where the unappealed ruling is alleged to be ultra vires and thus void ab initio." <u>Hopkins</u>, 2020 VT 47, ¶ 10 (*quoting* <u>City of S. Burlington</u>, 171 Vt. at 588–590); <u>Phillips Construction Services, Inc. v. Town of Ferrisburg</u>, 154 Vt.

483, 485 (1990). Therefore, since § 4472 forecloses such a contest, this Court is deprived of jurisdiction to hear such claims. *See* Levy, 154 Vt. at 42. As such, there is no basis for a statutory construction analysis of § 5.15 or Condition No. 3 for vagueness nor for an assessment of whether vested rights apply in this instance until Applicant has shown the original permit may be amended.

The Town contends that the vested rights doctrine would apply should Applicant demonstrate that the 2000 Decision can be amended under the Stowe Club Highlands test. *See* Town's Memorandum in Opposition to Appellant's Cross-Motion for Summary Judgment at 5, filed Apr. 3, 2020. We believe there is merit to this assertion.

While there is no dispute that Applicant is bound by the provisions of the original permit, we also note that permit conditions may be modified under particular circumstances: "(a) changes in factual or regulatory circumstances beyond the control of a permittee; (b) changes in the construction or operation of the permittee's project, not reasonably foreseeable at the time the permit was issued; or (c) changes in technology." In re Stowe Club Highlands, 166 Vt. 33, 37–38 (1996). This very issue is raised in Questions 3, 4, and 5 of Applicant's Statement of Questions and the PC's 2019 Decision. Here, neither party has had opportunity to address whether the Stowe Club Highlands test could be the basis for amending the 2000 decision by removing Condition 3.[4] Pursuant to V.R.C.P. 56 (f), this Court is permitted, after giving notice and a reasonable time to respond, to consider summary judgment on grounds not raised by a party in pre-trial memoranda. We believe such an analysis would be appropriate here, prior to this matter being set for a merits hearing. Therefore, if the parties agree that a further round of summary judgment briefing is appropriate, we direct parties to brief Questions 3, 4, and 5 of Applicant's Statement of Questions. If, on the other hand, both parties believe that it would be more appropriate to proceed directly to a *de novo* trial, they should so advise the Court by the

---

[4] While the Town raised the argument that Applicant "must first demonstrate that the 2000 Condition can be amended, applying the familiar review standards . . . [of] In re Hildebrand" in their memorandum in opposition, Applicant had no opportunity to address this issue. *See* Town of Charlotte's Memorandum in Opposition to Appellant's Cross-Motion for Summary Judgment and in reply to Appellant's Opposition to the Town's Motion for Partial Summary Judgment at 5, filed Apr. 3, 2020.

deadline specified below.[5]  We note that any merits hearing conducted in the near future is unlikely to be conducted in person, but rather through a remote web-based platform.

## Conclusion

For the reasons articulated above, we direct parties, **by Friday, January 15, 2021**, to either advise that they wish to proceed to trial or brief the issues raised in Applicant's Statement of Questions 3, 4 and 5, which address the Stowe Club Highlands test.  Resolution of this issue will determine whether an amendment of the 2000 Decision is warranted under applicable precedent.

**So Ordered.**

Electronically signed on December 15, 2020 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

---

[5]  We recognize that an analysis of whether the 2000 Decision should be amended is likely to be a very fact-dependent analysis that would therefore not be easily addressed in pre-trial motion practice, and therefore understand that the parties may prefer to proceed directly to trial.

*Zins 2-Lot Subdivision Denial, 115-10-19 Vtec slip op. (Vt. Super. Ct. Envtl. Div. Dec. 15, 2020) (Durkin, J.).*