## Thomas L. Neal, Administrator of the Estate of Bentley Neal, and Donna Alger v. John W. Brockway

[385 A.2d 1069]

No. 175-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 4, 1978

120

*John K. Dunleavy* of *Burgess and Normand, Ltd.*, Montpelier, for Plaintiffs.

*Harry A. Black* of *Black & Plante*, White River Junction, for Defendant.

**Billings, J.** This is an appeal by the plaintiffs from an order of the Windsor Superior Court dismissing plaintiffs' complaint. The complaint alleged the following facts. Plaintiff Neal's intestate, plaintiff Alger, and defendant each were severally and separately joint tenants with right of survivorship with Mabel H. West, now deceased, of certain separate bank accounts created only by deposits of funds belonging to Mrs. West. In September 1975, defendant represented to plaintiff Neal's intestate that, because of medical expenses, Mrs. West's resources were becoming low and that therefore it might be necessary for defendant to begin liquidating the three joint accounts. Defendant further represented to plaintiff Neal's intestate that any liquidation would proceed equitably. Thereafter, defendant, acting under a power of attorney created by Mrs. West, totally liquidated the two accounts Mrs. West held jointly with plaintiff Neal's intestate and plaintiff Alger, respectively, while leaving the joint account held jointly by Mrs. West and defendant untouched. Finally, the

complaint alleged that defendant's representations to plaintiff Neal's intestate were false, because Mrs. West had more than adequate resources for her expenses without any necessity to liquidate the joint bank accounts. The complaint contained no specific prayer for money damages, but prayed that the court declare the rights of the parties, demanded a jury trial with the jury to answer listed interrogatories, and asked the court to grant plaintiffs "such other and further relief as to the court seems meet and just."

Prior to filing a responsive pleading, the defendant moved to dismiss the complaint stating as one ground that the complaint failed to state a claim upon which relief could be granted. V.R.C.P. 12(b)(6). Alternatively, the motion to dismiss urged the court to refuse to declare the rights of the parties under 12 V.S.A. § 4716 on the basis that the plaintiff had a clear and adequate remedy at law. The trial court, without indicating the basis of its ruling, dismissed the complaint, and plaintiffs now appeal. We reverse. Under either ground alleged in the motion to dismiss, it was error for the trial court to dismiss the complaint.

As noted above, the complaint makes no specific prayer for money damages. To invoke the general civil jurisdiction of the superior court, a complaint must demand damages in excess of $200.00. 4 V.S.A. §§ 113, 437. The complaint here thus would be fatally defective, and the superior court would be without jurisdiction but for the prayer for declaratory relief, which has the effect of invoking superior court jurisdiction under the Declaratory Judgments Act. 12 V.S.A. § 4711 et seq.

The Declaratory Judgments Act is a remedial statute entitled to a liberal construction to effectuate its salutary purpose. *Trivento* v. *Commissioner of Corrections*, 135 Vt. 475, 477, 380 A.2d 69, 71 (1977). 12 V.S.A. § 4716 allows the court to refuse to enter a declaratory judgment where the judgment "if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." The bare existence of another adequate remedy is not a bar to a declaratory judgment proceeding where a controversy exists, *Poulin* v. *Towns of Danville & Cabot*, 128 Vt. 161, 163–

64, 260 A.2d 208, 209–10 (1969), and provides an insufficient basis for the trial court to invoke 12 V.S.A. § 4716 to dismiss a complaint. See *Curtis* v. *O'Brien*, 117 Vt. 52, 56–58, 84 A.2d 584, 587–88 (1951). It was error for the trial court to dismiss the complaint solely on the ground that another adequate remedy was available to the plaintiffs.

Under V.R.C.P. 15(a), a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. A motion to dismiss does not constitute a responsive pleading. V.R.C.P. 7(a), (b); 3 J. Moore, Federal Practice ¶15.07[2], at 851–52 (2d ed. 1974). By dismissing the complaint prior to service of a responsive pleading by the defendant, the trial court deprived plaintiffs of their right to amend. The trial court's proper course of action when granting a Rule 12(b) motion to dismiss prior to the service of a responsive pleading is to dismiss with leave to amend. See 6 C. Wright and A. Miller, Federal Practice and Procedure § 1483, at 413 (1971). "This will afford the party against whom the dismissal is granted the option of amending his pleading or of having a judgment entered against him and taking an appeal." *Id.* It was error for the trial court not to follow this course of action.

*Reversed and remanded.*