**John Price v. Jan Leland and Leima Leland**

[546 A.2d 793]

No. 86-182

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed April 8, 1988

*Thomas M. French*, Brattleboro, for Plaintiff-Appellant.

*Kissell & Massucco*, Bellow Falls, for Defendants-Appellees.

**Gibson, J.** Plaintiff appeals an order by the Windham Superior Court declaring that title to a disputed parcel of property is

to continue in defendants and that plaintiff is entitled to the return of his tax sale purchase price of the property, together with all taxes paid on the property by plaintiff plus interest. We affirm.

Plaintiff purchased defendants' entire homestead, consisting of a house and approximately two acres of land in the Town of Athens (Town), at a tax sale for the sum of $183.46, which sum included the back property taxes owed by defendants plus the costs of the tax sale. The property had been appraised by the Town at $27,000. When defendants refused to vacate the premises, plaintiff brought an action for a writ of possession, plus damages. Plaintiff's motion for summary judgment was opposed by defendants, who in turn filed a motion labeled "Motion for Declaratory Judgment." The trial court denied plaintiff's motion for summary judgment, and following a hearing, granted defendants' motion.

I.

Before examining the merits of this case, we must resolve a procedural anomaly. The Vermont Rules of Civil Procedure do not recognize a "Motion for Declaratory Judgment" as moved by defendants and granted by the trial court. Ordinarily, a declaratory judgment action may be brought only as an independent action, see V.R.C.P. 57; 12 V.S.A. §§ 4711-4725, or as a counterclaim or cross-claim, see 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 2d § 2768, at 751 (1983). We have, however, also recognized the ability of parties to stipulate to an enlargement of a proceeding to take on the characteristics of a declaratory judgment action. *Kelly* v. *Rhodes*, 136 Vt. 534, 536, 396 A.2d 130, 131 (1978). In the instant case, defendants did not follow any of these procedures in seeking a declaratory judgment.

This does not, however, foreclose our review of the case. While the parties did not formally stipulate to an enlargement of the proceedings to include a declaratory judgment action, plaintiff made no objection to the form of defendants' motion before the trial court. Inasmuch as the motion was treated, without objection, as a counterclaim for a declaratory judgment, it became a part of the case as such. See *Spaulding* v. *Cahill*, 146 Vt. 386, 389, 505 A.2d 1186, 1188 (1985).

When the motion was argued, the trial court considered it initially under the rule governing motions for summary judgment.

(Plaintiff concedes this point in his brief before this Court.) A careful reading of defendants' motion reveals that it satisfies the requirements of a summary judgment motion. See V.R.C.P. 56. Further, V.R.C.P. 56(a) specifically allows motions for summary judgments for parties seeking "to obtain a declaratory judgment." Consistent with the liberal construction to be afforded declaratory judgment actions, 12 V.S.A. § 4722, and the necessity that the Rules of Civil Procedure be interpreted so as "to secure the just, speedy, and inexpensive determination of every action," V.R.C.P. 1, we will examine defendants' motion as one for summary judgment seeking a declaration of the rights of the parties. See *Neal* v. *Brockway*, 136 Vt. 119, 121, 385 A.2d 1069, 1070 (1978) (prayer for declaratory relief has effect of invoking Declaratory Judgments Act); see also *Middlebury American Legion Post No. 27* v. *Peck*, 139 Vt. 628, 631, 432 A.2d 1183, 1184 (1981) (party seeking to obtain a declaratory judgment may move for summary judgment in his favor).

## II.

Plaintiff's first claim of error is that the trial court was without jurisdiction to rule on defendants' motion, pursuant to the Declaratory Judgments Act, because no representative of the Town was made a party to the suit.

> When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party . . . .

12 V.S.A. § 4721.

The Town, however, did not have a cognizable interest in the outcome of the case which would require its being made a party to the proceedings. The validity of a municipal ordinance was not called into question, nor did the Town have any interest in either the title to or possession of the property in question. While the Town does have an interest in the collection of property taxes, this dispute arose in the context of plaintiff's eviction complaint against defendants, and any taxes due had already been collected

through the mechanism of a tax sale. Given these circumstances, the Town was not a necessary party to the proceeding; thus, the trial court had jurisdiction over the matter.

## III.

■ Plaintiff also argues that there were disputed issues of material fact, making it inappropriate for the trial court to have granted defendants' motion solely on the basis of the pleadings and the affidavits. In order to succeed on a motion for summary judgment, the moving party must satisfy a stringent two-part test: first, no genuine issue of material fact must exist between the parties, and second, there must be a valid legal theory that entitles the moving party to judgment as a matter of law. V.R.C.P. 56(c); *Gore* v. *Green Mountain Lakes, Inc.*, 140 Vt. 262, 264, 438 A.2d 373, 374 (1981). The moving party has the burden of proof, and the opposing party must be given the benefit of all reasonable doubts and inferences in determining whether a genuine issue of material fact exists. *Cavanaugh* v. *Abbott Laboratories*, 145 Vt. 516, 520, 496 A.2d 154, 157 (1985). The moving party also bears this burden on appeal. *Sykas* v. *Kearns*, 135 Vt. 610, 612, 383 A.2d 621, 623 (1978).

While plaintiff argues that disputed issues of material fact exist, he has failed to identify what those issues are, either before the trial court or on appeal. The underlying facts necessary to support defendants' motion were all submitted by plaintiff, either in his pleadings or in the affidavits appended to his own motion for summary judgment.

■ Defendants also argued a valid legal theory that entitled them to a declaratory judgment as a matter of law. When property is sold to satisfy delinquent taxes owed to a town, the tax collector is required to sell only so much of the property as is necessary to pay the delinquent taxes plus the costs of the tax sale. 32 V.S.A. § 5254; *Peterson* v. *Moulton*, 120 Vt. 439, 441, 144 A.2d 717, 719 (1958). When

> the consideration paid on a tax sale is so inadequate to lead any fair-minded person to the conclusion that it was unnecessary to sell that entire property for the payment of the taxes and costs, that fact alone is enough to establish that the collector sold more than was necessary.

*Bogie* v. *Town of Barnet*, 129 Vt. 46, 53, 270 A.2d 898, 902 (1970) (on reargument).

In the instant case, while the property was appraised by the Town at $27,000, it was sold for a mere $183.46. This grossly disparate amount clearly leads to a presumption that the Town sold more of defendants' property than was necessary to satisfy the taxes due, and unless the presumption is overcome, the tax sale is "fatally defective."* See *Cummings* v. *Holt*, 56 Vt. 384, 388 (1883). The burden is upon the party seeking to justify the tax sale to prove that no excess was sold. *Peterson*, 120 Vt. at 441, 144 A.2d at 719. Plaintiff failed to meet this burden before the trial court, and again on appeal, even though plaintiff must be given the benefit of all reasonable doubts and inferences in determining this issue. See *Cavanaugh*, 145 Vt. at 520, 496 A.2d at 157. Inasmuch as no material facts are in dispute, defendants are entitled to judgment as a matter of law. V.R.C.P. 56(c); *Gore*, 140 Vt. at 264, 483 A.2d at 374. The trial court thus was correct in granting summary judgment and affirmatively declaring the respective rights of the parties to the property. See 12 V.S.A. § 4711.

## IV.

■ Finally, plaintiff argues that the trial court exceeded its authority by taking affirmative action in a declaratory judgment proceeding. Plaintiff relies upon *Edwards* v. *Fugere*, 130 Vt. 157, 163-64, 287 A.2d 582, 587 (1972), for the proposition that affirmative action, such as that employed by the trial court in this instance, goes beyond the jurisdiction of the court in a declaratory judgment action. We note, however, that *Edwards* was promptly overruled in *Graves* v. *Town of Waitsfield*, 130 Vt. 292, 295, 292 A.2d 247, 249 (1972). The *Graves* Court specifically approved just such a return to the status quo as the trial court employed in fashioning its order in the instant case. See *id.*

*Affirmed.*

---

* The trial court specifically found that although the town tax collector was not barred by state statute or local regulation from subdividing the property, the tax collector refused to do so and sold defendants' whole property at the tax sale.