## Phillip H. LAUZON v. STATE FARM MUTUAL AUTO INSURANCE COMPANY

[674 A.2d 1246]

No. 95-176

December 5, 1995. Plaintiff Phillip Lauzon appeals the grant of summary judgment in favor of defendant State Farm Insurance Company. We affirm.

Plaintiff's suit arose out of a collision with an uninsured motorist on U.S. Route 7 in South Burlington on February 25, 1987. At the time of the accident, plaintiff was insured by defendant for injury and damages caused by an uninsured motorist. The parties settled plaintiff's claim for property damages resulting from the accident, but were unable to reach agreement on personal injury damages.

In January 1990, plaintiff filed a claim against defendant under the uninsured motorist provision of his insurance policy, seeking compensation for personal injuries. Defendant filed a subrogation suit in plaintiff's name against the uninsured motorist on February 20, 1990. Because of uncertainties surrounding the nature and extent of plaintiff's injuries, defend-

ant moved to compel arbitration of plaintiff's uninsured motorist claim. Plaintiff then amended his complaint, alleging additional claims of bad faith, violation of the Vermont Insurance Trade Practices Act, and breach of fiduciary duty. Relying on a provision in plaintiff's insurance policy allowing either party to request arbitration, the superior court granted defendant's motion to compel arbitration. In March 1992, a panel of three arbitrators found in favor of plaintiff, awarding him $17,500, which defendant paid in full.

On January 4, 1993, the superior court granted a default judgment in favor of defendant in its subrogation action against the uninsured motorist. On January 27, 1993, plaintiff initiated the present action against defendant, alleging (1) tortious bad faith, (2) breach of the duty of good faith and fair dealing, (3) breach of fiduciary duty, and (4) violation of 8 V.S.A. § 4724. Defendant moved for summary judgment, and the superior court granted the motion.

Plaintiff appeals the grant of summary judgment only on the issues of tortious bad faith, breach of the duty of good faith and fair dealing, and breach of fiduciary duty. We review a motion for summary judgment using the same standard applied by the trial court: summary judgment is appropriate only when the materials before the court clearly show that there is no genuine issue of material fact. *Morrisville Lumber Co. v. Okcuoglu*, 148 Vt. 180, 182-83, 531 A.2d 887, 888-89 (1987). The burden of proof rests on the moving party, and the opposing party must be given the benefit of all reasonable doubts and inferences in determining whether a genuine issue of material fact exists. *Price v. Leland*, 149 Vt. 518, 521, 546 A.2d 793, 796 (1988).

Plaintiff alleges that defendant acted in bad faith in the handling of his insurance claim. We recently held that an action for bad faith failure of an insurer to pay a claim filed by its insured exists in Ver-

mont. *Bushey v. Allstate Ins. Co.*, 164 Vt. 399, 402, 670 A.2d 807, 809 (1995). To establish a claim for bad faith, a plaintiff has the burden to show that (1) the insurance company had no reasonable basis to deny benefits of the policy, and (2) the company knew or recklessly disregarded the fact that no reasonable basis existed for denying the claim. *Id.* Plaintiff failed to meet this burden. Defendant presented facts that show reasonable bases for its actions, and plaintiff did not dispute these facts or rebut them with admissible evidence. Under the terms of the contract between plaintiff and defendant, the question of liability and the extent of that liability must either be agreed upon by the parties or go to arbitration. Defendant refused to pay the claim and requested arbitration because the nature and extent of plaintiff's injuries were "fairly debatable." Because a realistic question regarding the extent of liability existed, defendant's actions do not rise to the level of bad faith. See *id.* at 403, 670 A.2d at 810 (insurance company may challenge claims that are fairly debatable and will be found liable for bad faith only where it has intentionally denied or failed to process a claim without reasonable basis); see also *Baxter v. Royal Indem. Co.*, 285 So. 2d 652, 656 (Fla. Dist. Ct. App. 1973) (insurer's exercise of contractual right to arbitration is not bad faith).

Further, we do not agree that the assertion by defendant of its contractual and statutory right to subrogation constituted bad faith. When the action against the third party was brought, defendant had already paid the property damage claim and was facing a substantial claim for personal injuries. It had advised plaintiff of its intent to bring suit and of his right to assert his claim for personal injuries against the uninsured motorist. The statute of limitations barring the claims was about to expire. Plaintiff has not shown how this action undermined or destroyed his right to collect damages

622

under the contract or otherwise prejudiced his rights. We reach the same conclusion with respect to plaintiff's claim that defendant breached its duty of good faith and fair dealing. See *Carmichael v. Adirondack Bottled Gas Corp.*, 161 Vt. 200, 208, 635 A.2d 1211, 1216 (1993) (duty of good faith and fair dealing is implied in every contract to assure that party does not undermine or destroy other's rights to receive benefits of agreement).

Finally, plaintiff argues that defendant's actions in handling his uninsured motorist claim constituted a breach of defendant's fiduciary duty to plaintiff. This argument demonstrates a general misunderstanding of the law regarding first-party insurance claims. An insurer owes no fiduciary duty to its insured in a claim arising under an uninsured motorist provision. See, e.g., *Weese v. Nationwide Ins. Co.*, 879 F.2d 115, 121 (4th Cir. 1989); *Szumigala v. Nationwide Mut. Ins. Co.*, 853 F.2d 274, 279-80 n.7 (5th Cir. 1988). The respective interests of insurer and insured in such an action are adverse. If the insurer can prove that the uninsured motorist was not liable or that the insured did not suffer the claimed damages, then the insurer avoids liability to the insured. Because defendant owed no fiduciary duty to plaintiff, there could be no breach of any such duty.

*Affirmed.*