Galvin v. Coak, No. 233-4-11 Rdcv (Teachout, J., Oct. 13, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                    **CIVIL DIVISION**
**Rutland Unit**                                      **Docket No. 233-4-11 Rdcv**

**SEAN GALVIN**,
        Plaintiff

v.

**ANDREW COAK**,
        Defendant

## DECISION
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, filed June 20, 2011

This matter is before the court on the Motion for Summary Judgment filed on June 20, 2011, by Defendant Andrew Coak. Defendant is represented by Donald F. Hayes, Esq. Plaintiff Sean Galvin is proceeding pro se.

## Background

Plaintiff is Defendant's former landlord. After entering into a lease agreement in February 2009, Defendant began making monthly rent payment. At some time thereafter, Defendant stopped paying rent. The parties disagree as to when this occurred. Defendant states that he made timely rent payments until January 2010. Plaintiff asserts that Defendant stopped paying rent in July 2009.

The parties agree that in December 2009, Plaintiff informed Defendant that he would no longer be collecting rent payments. At that time, Plaintiff was experiencing financial difficulties, which he attributes at least in part to the lack of rental income, and the rental property was entering foreclosure. Plaintiff filed for bankruptcy in December 2009 with the intent of surrendering the rental property through the bankruptcy proceedings. Plaintiff indicates that he gave up trying to collect rent from Defendant because it was a waste of time. Plaintiff asserts that he informed Defendant that while he would no longer be accepting rent payments, Defendant should continue to pay rent into escrow "because at some point somebody is going to want the rent." Defendant denies being told this.

In January 2011, an inspection found various code violations at the premises. Plaintiff asserts that he was unaware that he still owned the rental property until receiving notice of the results of the inspection Plaintiff claims that at this point, he requested that Defendant begin paying him rent again and that Defendant refused. Thereafter, Plaintiff served Defendant with a Notice to Terminate Tenancy. Plaintiff commenced this action for eviction on April 18, 2011.

## Analysis

Defendant moves for summary judgment on theories of estoppel and laches. Defendant argues that Plaintiff informed him that he would no longer be collecting rent and that it is inequitable now for Plaintiff to attempt to recover back rent. Defendant also argues that Plaintiff waited too long to bring this suit for eviction.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements required by Rule 56(c)(2), show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). The party moving for summary judgment has the burden of proof, and the opposing party must be given the benefit of all reasonable doubts and inferences in determining whether a genuine issue of material fact exists. *Price v. Leland,* 149 Vt. 518, 521 (1988).

Here, Defendant, as the moving party, has not met his burden of showing that no material facts are in dispute and, therefore, that he is entitled to judgment as a matter of law. In order to prevail on his estoppel claim, he would need to show: 1) Plaintiff knew the facts, 2) Plaintiff intended his conduct to be acted upon or that the conduct was such that Defendant had the right to believe it was so intended, 3) Defendant was ignorant of the true facts, and 4) Defendant relied on Plaintiff's conduct to his detriment. See *Mann v. Levin*, 2004 VT 100, 177 Vt. 261, ¶ 27.

At this stage of the proceedings, Defendant cannot satisfy all of these elements. Taking the facts in the light most favorable to the Plaintiff, Defendant had ceased paying rent by July 2009. This was well before Plaintiff stopped trying to collect rent in December 2009. Additionally, Plaintiff informed Defendant that he should be paying rent into escrow. On these facts, Defendant cannot show detrimental reliance on any conduct by Plaintiff. Although Defendant disputes these facts, a motion for summary judgment is not the forum to resolve disputed facts. At this point, Defendant is not entitled to judgment on the estoppel claim.

Defendant is also not entitled to judgment on the laches claim. Laches is "the failure to assert a right for an unreasonable and unexplained period of time when the delay has been prejudicial to the adverse party, rendering it inequitable to enforce the right." *Ransom v. Bebernitz*, 172 Vt. 423, 433 (2001). In the light most favorable to the Plaintiff, he initiated this suit soon after he realized that he was still the record owner of

the property. Laches is an equitable doctrine, and the equities are not clear cut in this case. Although Plaintiff did not bring his suit for over a year, Defendant also lived rent free in the premises during this time. On this record, Plaintiff's suit should not be dismissed under the doctrine of laches.

## **ORDER**

Defendant's Motion for Summary Judgment is *denied*.

Dated at Rutland, Vermont this 12th day of October, 2011.

_____
Hon. Mary Miles Teachout
Superior Judge