*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-197

FEBURARY TERM, 2013

| | | |
|---|---|---|
| Herman J. LeBlanc | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Orleans Unit, |
| v. | } | Civil Division |
| | } | |
| Glen Brown | } | DOCKET NO. 189-7-10 Oscv |

Trial Judge: Robert R. Bent

In the above-entitled cause, the Clerk will enter:

Plaintiff Herman J. LeBlanc appeals from the superior court's order granting summary judgment to defendant Glen Brown on his complaint. We affirm.

This case arose from a dispute over plaintiff's operation of an ATV on land that allegedly belongs to defendant. In July 2010, plaintiff sued defendant, raising claims of slander, negligence, and intentional infliction of emotional distress (IIED). Plaintiff alleged that defendant made false statements to police about his activities; that defendant had a duty to search the land records before he accused plaintiff of unlawful trespass; and that defendant publicly humiliated him by causing him to be arrested for unlawful trespass. Defendant moved for summary judgment and supported his motion with a statement of undisputed material facts, an affidavit, and several documentary exhibits. Plaintiff opposed defendant's motion and filed a cross-motion for summary judgment, but he offered no affidavits or other evidence in support.

The court found no material facts in dispute and granted summary judgment to defendant. In reaching its decision, the court relied on the following facts. Plaintiff owns property on Lake Road in Newport Center. Defendant owns property on Leadville Road. Defendant's neighbor, Ria Irmiger, owns approximately 230 acres of land east of and adjacent to Leadville Road. Defendant believes that Irmiger has a 75-foot right-of-way across defendant's land, which connects her land to Leadville Road. Plaintiff claims that Irmiger owns outright the land over which the asserted right of way runs.[1] Plaintiff traveled over the 75-foot strip on his ATV pursuant to a verbal agreement with Irmiger to use the strip to access Leadville Road; he did not

---

[1] Plaintiff's description of the property interests is confusing, describing Irmiger as owning the land under the right of way. If Irmiger owns the land under the right of way, her property interests merge and the right of way is extinguished.

have written permission.[2]   The superior court found that plaintiff presented no evidence to support his claim that Irmiger owned the strip.

In May 2007, defendant filed a notice of trespass against plaintiff.  Defendant contacted the police after plaintiff continued to travel over the property identified in the notice.  Plaintiff was charged with unlawful trespass and pleaded nolo contendere to this charge.  Plaintiff continued to travel over the identified property, and defendant again contacted the police.  Plaintiff was again charged with unlawful trespass and was arrested when he failed to appear at his arraignment.  Ultimately, the prosecutor dismissed the second trespass action.  Although plaintiff asserted that the case was dismissed because defendant did not own the land over which plaintiff was traveling, the court found that plaintiff offered no evidentiary support for this contention.

Based on these facts, the court concluded that defendant was entitled to summary judgment on plaintiff's claims.  As to the negligence claim, plaintiff asserted that defendant owed him a duty to perform a reasonable search of the land records to verify if plaintiff was traveling on the right-of-way or defendant's land before calling police and accusing him of trespassing.  Plaintiff alleged that such a search would have revealed that Irmiger actually owned the land in question.  The court found that plaintiff cited no case law to support his contention that defendant owed him a duty to investigate the land records.  Even if such duty existed, the court continued, plaintiff provided no evidence that defendant failed to search the land records or that his failure to do so was the proximate cause of plaintiff's harm.  By contrast, defendant provided an affidavit and a 1979 survey filed with the Town of Newport.  The survey did not indicate that the land over which the right-of-way traveled belonged to Irmiger or to her predecessors-in-interest.  Plaintiff offered nothing to rebut this evidence or to support his claim of negligence.  Thus, this claim failed.

As to his IIED claim, plaintiff needed to show that defendant "engaged in outrageous conduct, done intentionally or with reckless disregard of the probability of causing emotional distress, resulting in the suffering of extreme emotional distress, actually or proximately caused by the outrageous conduct."  Fromson v. State, 2004 VT 29, ¶ 14, 176 Vt. 395 (quotation omitted).  Plaintiff's burden was a "heavy one" as he must show that defendant's conduct "was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decent and tolerable conduct in a civilized community and be regarded as atrocious and utterly intolerable."  Id. (quotation omitted).  It was for the trial court in the first instance to determine if "a jury could reasonably find that the alleged conduct satisfies all the elements of an IIED claim."  Id.

Here, plaintiff failed to show that defendant acted with the intent to cause plaintiff emotional distress; that plaintiff suffered extreme emotional distress; or that defendant's conduct "was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decent and tolerable conduct."  Id.  Defendant introduced evidence tending to show that he filed

---

[2]  According to defendant, oral permission is insufficient to allow plaintiff to travel over a right of way; plaintiff must have written permission from Irmiger.  Plaintiff does not appear to dispute this legal position.  Instead he argues that Irmiger owns the strip of land, and defendant has no interest in it, and Irmiger can give oral permission to use her land for an ATV trail.

the trespass notice and reported plaintiff to the police because he had a good faith belief that plaintiff was trespassing on his land. Plaintiff failed to rebut this evidence or to provide other evidence in support of his IIED claim. The court thus found that defendant was entitled to summary judgment on this claim.[3]

Plaintiff appealed from the court's decision. Plaintiff argues that the court decided disputed issues of material fact in arriving at its decision. Specifically, he asserts that there is a dispute regarding the ownership of the property over which he operated his ATV. As support for this contention, plaintiff points to assertions that Irmiger owns the property outright that he made in his responses to interrogatories and during his deposition. Plaintiff maintains that the court's finding of fact on this issue prevented proper consideration of the "true legal nature" of his claims and erroneously led the court to dismiss his complaint.

We review a grant of summary judgment using the same standard as the trial court. Richart v. Jackson, 171 Vt. 94, 97 (2000). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . referred to in the statements required by [V.R.C.P. 56(c)(2)], show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). The party moving for summary judgment bears the burden of proof, and the opposing party is entitled to the benefit of all reasonable doubts and inferences. Price v. Leland, 149 Vt. 518, 521 (1988). "In determining whether a dispute over material facts exists, we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, 170 Vt. 25, 28 (1999). "[T]he party opposing summary judgment may not rest upon the mere allegations or denials in its pleadings, 'but . . . must set forth specific facts showing that there is a genuine issue for trial.' " Id. (citing V.R.C.P. 56(e)). "[M]ere conclusory allegations without facts to support them" will not suffice. Id.

We find immaterial any dispute over the ownership of the land on which plaintiff drove his ATV. Even assuming that Irminger owns the land over which he traveled, plaintiff failed to produce sufficient evidence to support his negligence and IIED claims. Thus, summary judgment was appropriately granted to defendant. See Poplaski v. Lamphere, 152 Vt. 251, 254-55 (1989) ("[S]ummary judgment is mandated where, after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it has the burden of proof at trial." (citation omitted)).

We begin with plaintiff's negligence claim. "Common law negligence has four elements: a legal duty owed by defendant to plaintiff, a breach of that duty, actual injury to the plaintiff, and a causal link between the breach and the injury." Zukatis v. Perry, 165 Vt. 298, 301 (1996). As indicated above, plaintiff alleged that defendant owed him a legal duty to search the land records before publically accusing him of unlawful trespass and "causing" his arrest. Plaintiff did not cite any legal authority to support the imposition of such duty below. On appeal, he cites various out-of-state cases, asserting that other jurisdictions have found, in various situations, that an individual has a duty to refrain from falsely reporting information that will be used to pursue

---

[3] The court also granted summary judgment to defendant on plaintiff's slander claim, but plaintiff does not challenge the dismissal of this claim on appeal.

criminal process. More specifically, he maintains that these courts have held that an individual has a duty to refrain from pressing criminal complaints and charges against individuals that lack a good-faith basis in fact.

We are not persuaded by plaintiff's argument. None of the cases cited by plaintiff involve negligence claims and none hold that a party has a duty to search land records prior to filing a notice of trespass against another party. Plaintiff cites Wandersee v. BP Products N. America, Inc., 263 S.W.3d 623 (Mo. 2008) (en banc), for example, asserting that the case supports the proposition that "criminal prosecutions involving property rights are commonly driven solely by the mere allegations of a complainant and, given the hardship inherent in defending against criminal prosecution, it is incumbent on such a complainant to verify their purported ownership and status of the subject property." Wandersee involved a claim for injurious falsehood, not a negligence claim. The court did not discuss the concept of legal duties. Instead, it explained that to establish a claim for injurious falsehood, one must show, among other things, that "a party knows that his or her statement is false or acts in reckless disregard of its truth or falsity." Id. at 628 (quotation and emphasis omitted).

Even if we were to somehow draw an analogy from the elements of this distinct cause of action to the concept of a legal duty for purposes of a negligence claim, plaintiff produced no evidence to show that defendant acted recklessly. To the contrary, the undisputed evidence shows that defendant had a good faith belief that plaintiff drove his ATV on a right-of-way that traversed defendant's property and he had no written consent to do so. As part of his motion for summary judgment, defendant included a survey to support his assertion that the right-of-way traversed his land. This survey was not hearsay, as plaintiff asserts, as it was not offered for its truth, but rather to show the good faith basis for defendant's belief that plaintiff was trespassing on his property. See V.R.E. 801(c) (a statement of a third party is hearsay if offered for proof of the matter asserted in it); State v. Beattie, 157 Vt. 162, 166-67 (1991). While actual ownership of this right-of-way is immaterial, we note that plaintiff provided no evidence at all to controvert the facts as stated by defendant. See V.R.C.P. 56(c)(1)(A) (party asserting that fact is disputed must support such assertion by providing specific citations to particular parts of materials in the record); V.R.C.P. 56(c)(3) (in ruling on motion for summary judgment, trial court "need consider only the materials cited in the required statement of fact"); White, 170 Vt. at 28 (party opposing summary judgment must provide more than mere allegations). Plaintiff fails to establish that defendant owed him a legal duty to search the land records, and his negligence claim therefore fails. See Endres v. Endres, 2008 VT 124, ¶ 11, 185 Vt. 63 (noting that the existence of a legal duty is "central to a negligence claim" and is "primarily a question of law").

As to plaintiff's IIED claim, the facts do not even remotely approach the legal standard necessary to support such claim. See Fromson, 2004 VT 29, ¶ 14 (plaintiff must show that defendant's conduct "was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decent and tolerable conduct in a civilized community and be regarded as atrocious and utterly intolerable"). This case is nothing like Rusinowski v. Village of Hillside, 835 F. Supp.2d 641, 656 (N. D. Ill. 2011), cited by plaintiff, and we find the remaining out-of-state cases cited by plaintiff equally unpersuasive. In Rusinowski, the plaintiffs alleged "a malicious campaign of harassment including false reports to police and schools, hoping to have [the plaintiff] arrested, committed, or expelled." Id. The court focused on the extent of the

defendant's alleged efforts and the serious consequences that could, and did, result. In Rusinowski, among other things, the defendant caused the plaintiff to be involuntarily committed for six days. As the Rusinowski court recognized, "IIED provides no remedy for the slight hurts which are the price of a complex society but addresses only severe mental disturbances inflicted by intentional actions wholly lacking in social utility." Id. (quotation omitted). The undisputed evidence in this case shows that defendant had a good faith basis for filing a notice of trespass against defendant, and plaintiff provided no evidence that would support an IIED claim here.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice

5