VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT  05602
802-828-2091
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 23-CV-05246



| Commissioner of Labor, State of Vermont v. American Empire General Contracting Corp. |
| --- |

## ENTRY REGARDING MOTION

Title:        Motion for Summary Judgment  (Motion: 1)
Filer:        Rebecca L. Smith
Filed Date:   February 28, 2024

Plaintiff has filed suit seeking enforcement of a Final Order for Collection under 21 V.S.A. § 342a(g).  Plaintiff has moved for summary judgment.  Defendant has opposed the motion through Brian Horton, who is the sole shareholder of Defendant.[1]  The Court makes the following determinations.

### Standard

Summary judgment procedure is properly regarded as "an integral part of the . . . Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Morrisseau v. Fayette*, 164 Vt. 358, 363 (1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)).  Summary judgment is appropriate if the evidence in the record, referred to in the statements required by Vt. R. Civ. P. 56(c), shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Vt. R. Civ. P. 56(a); *Gallipo v. City of Rutland*, 163 Vt. 83, 86 (1994).  In assessing a motion for

---

[1] The Court hereby approves Mr. Horton's request that he be allowed to represent the corporation.

summary judgment, the Court views all facts and indulges all inference in favor of the non-moving party. *Price v. Leland*, 149 Vt. 518, 521 (1988).

A party opposing summary judgment may not simply rely on allegations in the pleadings to establish a genuine issue of material fact, however. Instead, it must come forward with deposition excerpts or affidavits to establish such a dispute. *Murray v. White*, 155 Vt. 621, 628, (1991). If the non-moving party will bear the burden of proof at trial, the moving party may be entitled to summary judgment if the non-moving party is unable to come forward with evidence supporting its case. *Poplaski v. Lamphere*, 152 Vt. 251, 254–55 (1989).

Analysis

In this instance, Defendant has filed an opposition to the motion for summary judgment. Plaintiff protests that it was filed beyond the 30-day time limit for a response. The Court is willing to accept the late filing.

The response, however, does not come close to meeting the specific demands of Rule 56, and Defendant was altered to those requirements in the Court's Notice regarding summary judgment. While the response protests certain facts, the protests are untethered to affidavits, exhibits, or the like that are required to create a dispute of fact. Accordingly, pursuant to Vt. R. Civ. P. 56(c)(3) and (e)(2), the Court accepts the facts set out in Plaintiff's statement as established for purposes of this motion.

On the summary judgment record so established, Plaintiff is entitled to judgment as a matter of law. The Court further notes that, even if the Court considered Defendant's unsupported assertions, they would be insufficient to establish a dispute of fact. This case amounts to a request to enforce an already Final Order under the Civil Rules. 21 V.S.A. § 342a(g). Defendant has had a chance to litigate the merits of the Final Order through an

administrative process and through an appeal to the Vermont Supreme Court. The Supreme Court duly considered the notice issues Defendant raises in opposition to the request for summary judgment and rejected them. He may not collaterally attack the Final Order by rehashing those arguments here.

Conclusion

In light of the forgoing, summary judgment is entered in favor of the Plaintiff. A Final Judgment Order shall issue.

Electronically signed on Wednesday, June 26, 2024, per V.R.E.F. 9(d).

_____
Timothy B. Tomasi
Superior Court Judge