VERMONT SUPERIOR COURT
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

ENVIRONMENTAL DIVISION
Docket No. 23-ENV-00140



| | |
|---|---|
| **Hillview Heights, LLC Subdivision Appeal** | **DECISION ON MOTIONS** |

This is an appeal of a November 15, 2023 decision of the Town of Richmond (Town) Development Review Board (DRB) for a 7-lot subdivision of property owned by Hillview Heights, LLC (Applicant) located at 2427 Hillview Road, Richmond, Vermont (the Property). Michael Marks and Sally McCay (Neighbors) appealed.[1]

Neighbors have moved for summary judgment on Question 1 of their Statement of Questions. Applicant has cross-moved for summary judgment on Question 1, and additionally moved for summary judgment on all remaining Questions before the Court. Neighbors oppose Applicant's motion on all remaining Questions and move to strike Applicant's Statement of Undisputed Material Facts in support of its motion for summary judgment. Applicant opposes Neighbors' motion to strike. Additionally, before the Court is Applicant's motion in limine, asking the Court to preclude Neighbors' opinion testimony related to the completeness of Applicant's application. Neighbors oppose the motion.

## Discussion[2]

### I. Motion in Limine

The Vermont Rules of Evidence (V.R.E.) apply to matters before the Environmental Division. V.R.E.C.P. 2(e).[3] Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be

---

[1] Bradley Holt, David Kauck, and Jason Pelletier initially appealed to this Court. Mr. Holt, Mr. Kauck, and Mr. Pelletier reached a settlement agreement with Applicant and are no longer involved in this case. Interested parties Kristen Calevro, Mary and Thomas Collins, and David and Frances Thomas (together, Interested Parties) have also appeared and are each self-represented in this matter. They have not submitted any filings relative to the pending motions.

[2] Because this Decision addresses multiple motions, each subject to unique legal standards and relevant facts, the Court addresses each motion separately. In so doing, the Court sets forth the applicable legal standards and any relevant factual background relevant thereto separately.

[3] Pursuant to this Court's rules, the Court may relax evidentiary rules when appropriate. See, V.R.E.C.P. 2(e).

without the evidence." V.R.E. 401. Relevant evidence is generally admissible. V.R.E. 402. All Environmental Division merits hearings are bench trials and, therefore, we are generally liberal in allowing relevant evidence to be admitted. Diverging Diamond Interchange A250 & SW Permits, Nos. 169-12-16, 50-6-16 Vtec, slip op. at 1—2 (Vt. Super. Ct. Envtl. Div. Feb. 8, 2018) (citing The Van Sicklen Ltd. P'ship, No. 4C1013R-EB, slip op. at 1 (Vt. Env. Bd. Sep. 28, 2001). Because of this, we are unlikely to be "unduly swayed by a questionable evidentiary offering" as a jury may be. Id. Once relevant evidence is admitted, we afford it the weight it deserves, if any. Id.; In re Application of Lathrop Ltd. P'ship I, 2015 VT 49, ¶ 90, 199 Vt. 19.

Applicant seeks to exclude opinion testimony from Neighbors on whether Applicant submitted a complete application under Town of Richmond Zoning Regulations (Regulations) § 610.1 on the grounds that Neighbors did not appeal the Zoning Administrator's determination that the application was ready for DRB review.

Applicant argues that 24 V.S.A. §4460(e) precludes Neighbors' challenge in this appeal. Section 4460(e) states that "[u]nless the matter is an appeal from the decision of the administrative officer, the matter shall come before the panel by referral from the administrative officer. Any such referral decision shall be appealable as a decision of the administrative officer." Applicant asserts that the Zoning Administrator's determination that the application was ready for DRB review was such a referral decision and that Neighbors' failure to appeal that decision precludes them from challenging whether the application was complete and contained a master development plan on appeal.

The evidence that Applicants seek to exclude is relevant to the Questions presented to the Court on appeal. Instead, in effect, Applicant does not seek an evidentiary ruling, but is, in practice, seeking summary judgment on the Questions before the Court regarding the completeness of the application. We will not rule upon the Questions in the context of a motion in limine. See State v. Dubois, 150 Vt. 600, 602 (1988) (citing Schichtl v. Slack, 293 Ark. 281, 85 (1987) (motions in limine "are not to be used as sweeping means of testing issues of law")); see also 75 Am. Jur. 2d Trial § 42 (Applicability of motion in limine practice and limitations thereon) ("The use of motions in limine to summarily dismiss a portion of a claim has been condemned, and the trial courts are cautioned not to allow motions in limine to be used as unwritten and unnoticed motions for summary judgment or motions to dismiss.") (citations omitted)).

Thus, the motion in limine is **DENIED**.

2

**II.    Neighbors' Motion to Strike Applicant's Statement of Undisputed Material Facts**

Pursuant to V.R.C.P. 12(f), upon motion or upon the Court's own initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." V.R.C.P. 56(c) requires that a moving party's statement of undisputed material facts be "concise."

Neighbors argue that Applicant's Statement of Undisputed Material Facts must be stricken because it is not "concise." This is because it is 32 pages long with 35 exhibits. While lengthy, Applicant's cross-motion moves for judgment on all issues before the Court raised in Neighbors' **5** Questions. Neighbors responded in full to Applicant's Statement of Undisputed Material Facts only 10 days after it was filed, despite having 30 days to respond under V.R.C.P. 56. Neighbors, while they dispute facts within the filing through their response to Applicant's Statement of Undisputed Material Facts, point to no aspect of the filing that is "redundant, immaterial, impertinent, or scandalous" such that striking the entire filing is required. Thus, Neighbors' motion to strike Applicant's Statement of Undisputed Material Facts is **DENIED**.

**I.   Cross-Motions for Summary Judgment**

    **a.  Legal Standard**

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). When considering a motion for summary judgment, the nonmoving party receives the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356. When considering cross-motions for summary judgment, the Court considers each motion individually and gives the opposing party the benefit of all reasonable doubts and inferences. City of Burlington v. Fairpoint Commc'ns, Inc., 2009 VT 59, ¶ 5, 186 Vt. 332. In determining whether there is a dispute over any material fact, "we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c)(1)(A). The moving party, here both Neighbors and Applicant on cross-motions, bear the burden of proof with respect to establishing sufficient material facts for the Court to rule on the pending motion. Couture v. Trainer, 2017 VT 73, ¶ 9, 205 Vt. 319 (quoting Price v. Leland, 149 Vt. 518, 521 (1988)).

### b. Discussion

The parties' filings are rife with factual disputes that preclude judgment to either party on any Question before the Court. These disputes range from what is typically straight forward, such as how many new units the Project proposes and the contents the application presented to the Town below, to the more complex, such as the scope of proposed traffic impacts and the sufficiency of expert testimony. For reference, Neighbors dispute or object to, in full or in part, well over half of Applicants' Statement of Undisputed Material Facts. In turn, Applicant disputes several Neighbors factual allegations. While Applicant disputes significantly less facts than Neighbors, largely due to the narrower focus of Neighbors motion, the scope of the disputes, and the factual disputes themselves, are material for the Court to determine the scope of the application and its completeness. While not all these disputes may be material or the objections to admissibility raised be warranted, the sheer breadth of the disputes make summary judgment inappropriate.

Again, Neighbors and Applicant as moving parties on cross-motions bear the burden of proof with respect to establishing sufficient material facts for the Court to rule on the pending motion. Couture, 2017 VT 73, ¶ 9 (quoting Price, 149 Vt. at 521). Upon the record presented, and with reference to this Court's obligation to give the nonmoving party the benefit of all reasonable doubts and inferences, Fairpoint Commc'ns, Inc., 2009 VT 59, ¶ 5, sufficient facts have not been established to allow the Court to rule on the pending motions. Thus, neither party is entitled to summary judgment and both motions are **DENIED**.

### Conclusion

For the forgoing reasons, all motions before the Court are **DENIED**. This matter was initially scheduled for trial in November. The Court held a final pre-trial conference on October 28, 2024. Trial was continued at that conference pending resolution of the motions by this Decision. The Court orders the parties to file, on or before **December 13, 2024,** their dates of unavailability for a 3-day trial via the WebEx platform in February and March 2025.

Electronically signed this 21st day of November 2024 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division