SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-03676

Matthew Smedy v Nicholas Deml et al

Opinion and Order on Motion for Summary Judgment

Plaintiff has moved for summary judgment.  Defendant opposes the motion, asserting that Plaintiff's statement of undisputed material facts does not comport with or support entry of judgment under Vt. R. Civ. P. 56.  The Court agrees.

Summary judgment procedure is properly regarded as "an integral part of the . . . Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Morrisseau v. Fayette*, 164 Vt. 358, 363 (1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)).  Summary judgment is appropriate if the evidence in the record, referred to in the statements required by Vt. R. Civ. P. 56(c), shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Vt. R. Civ. P. 56(a); *Gallipo v. City of Rutland*, 163 Vt. 83, 86 (1994).  In assessing a motion for summary judgment, the Court views all facts and indulges all inferences in favor of the non-moving party.  *Price v. Leland*, 149 Vt. 518, 521 (1988).

Critically for this case, the Court derives the undisputed facts from the parties' statements of fact submitted under Vt. R. Civ. P. 56(c) and any supporting

documents and affidavits. *Boulton v. CLD Consulting Engineers, Inc.,* 2003 VT 72, ¶ 29, 175 Vt. 413, 427.

> A moving party asserting that a fact cannot genuinely be disputed must support the assertion by filing a separate and concise statement of undisputed material facts consisting of numbered paragraphs with specific citations to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other admissible materials.

Vt. R. Civ. P. 56(c)(1).

It is at this juncture that Plaintiff's motion fails. While he does purport to provide a separate statement of undisputed facts that are numbered, the statement amounts to no more than a dissertation of his claims, argumentation, legal conclusions, and bald statements of alleged facts. Rule 56 demands more. *See Mirocha v. Palos Cmty. Hosp.,* 240 F. Supp. 3d 822, 829 n.1 (N.D. Ill. 2017) ("The 'movant's [statement of facts] should contain only factual allegations" and "be limited to material facts, that is, facts pertinent to the outcome of the issues identified in the summary judgment motion."); *FM Indus., Inc. v. Citicorp Credit Servs., Inc.*, No. 07 C 1794, 2008 WL 717792, at \*1 (N.D. Ill. Mar. 17, 2008) ("The rule calls for a statement of material *facts*; this implies [the] statement is not a forum for legal argument or factual characterizations."). The few facts that might be gleaned from Plaintiff's submission are utterly unsupported by evidence of any type or form that is acceptable under Rule 56.

As the District of New Jersey has recently noting in rejecting a summary judgment motion under Fed. R. Civ. P. 56, which was a model for our own Rule:

"conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment," *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002), and statements of undisputed material facts may not "primarily rely on speculation and legal conclusions" or "fail[ ] to genuinely dispute the facts[.]" *Buxton v. Dougherty*, 821 F. App'x 70, 71 n.2 (3d Cir. 2020).

*Wilmoth v. Arpin Am. Moving Sys., LLC*, No. 19CV19187 (EP) (CLW), 2024 WL 3440218, at *6 (D.N.J. July 17, 2024); *accord Barron v. Pallito*, No. 1:09-CV-209, 2011 WL 2532589, at *2 (D. Vt. Apr. 27, 2011), *report and recommendation adopted,* No. 1:09-CV-209-JGM, 2011 WL 2532862 (D. Vt. June 24, 2011) ("series of unsworn, conclusory statements" provides insufficient basis for summary judgment).

While our Supreme Court has affirmed a trial court's grant of summary judgment where no statement of undisputed material facts was not provided by movant, *State v. Great Northeast Prods. Inc.*, 2008 VT 13, ¶ 6, 183 Vt. 579 (mem.), it did so in the face of no objection from the nonmoving party, *Elnicki v. People's United Bank*, No. 33-1-13 BNCV, 2013 WL 4478937, at *2 (Vt. Super. July 03, 2013).  Here, the Defendant strenuously objects to the procedural deficiency.

"[A]lthough pro se litigants receive some leeway from the courts, they are still bound by the ordinary rules of civil procedure." *Zorn v. Smith*, 2011 VT 10, ¶ 22, 189 Vt. 219 (quotation omitted).  In this instance, the failure to provide a statement of undisputed material facts that comports with Rule 56 is fatal to Plaintiff's motion.

WHEREFORE, the motion is denied.

Electronically signed on Tuesday, January 21, 2025, per V.R.E.F. 9(d).


Timothy B. Tomasi
Superior Court Judge