Vermont Superior Court
Filed 03/14/25
Washington Unit

SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 22-CV-01936

WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR SOUNDVIEW
HOME LOAN TRUST 2007-OPT1, ASSET-BACKED CERTIFICATES, SERIES 2007-OPT1
v. Fuad Ndibalema et al

## Opinion and Order on Pending Motions

Plaintiff has filed suit seeking to foreclose a mortgage and recover on a promissory note from Defendants. Defendants have denied those claims and submitted counterclaims, which Plaintiff has opposed. Before the Court are Plaintiff's motions for summary judgment and an accounting, foreclosure by judicial sale, and attorney's fees. Defendants have opposed the motion for summary judgment. The Court makes the following determinations.

Summary judgment procedure is properly regarded as "an integral part of the . . . Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Morrisseau v. Fayette*, 164 Vt. 358, 363 (1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). Summary judgment is appropriate if the evidence in the record, referred to in the statements required by Vt. R. Civ. P. 56(c), shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Vt. R. Civ. P. 56(a); *Gallipo v. City of Rutland*, 163 Vt. 83, 86 (1994).

1

A party opposing summary judgment may not simply rely on allegations in the pleadings to establish a genuine issue of material fact. Instead, it must come forward with deposition excerpts or affidavits to establish such a dispute. *Murray v. White*, 155 Vt. 621, 628, (1991). If the non-moving party will bear the burden of proof at trial, the moving party may be entitled to summary judgment if the non-moving party is unable to come forward with evidence supporting its case. *Poplaski v. Lamphere*, 152 Vt. 251, 254–55 (1989). In assessing a motion for summary judgment, the Court views all facts and indulges all inference in favor of the non-moving party. *Price v. Leland*, 149 Vt. 518, 521 (1988).

The Court derives the undisputed facts from the parties' statements of fact submitted under Vt. R. Civ. P. 56(c) and any supporting documents and affidavits. *Boulton v. CLD Consulting Engineers, Inc.,* 2003 VT 72, ¶ 29, 175 Vt. 413, 427. In this instance, Plaintiff has submitted a statement of undisputed facts, along with supporting materials, as required by the Rule. Defendants have not, however, submitted an opposing statement as Rule 56 requires. Despite receiving special notice of the need to comply with the Rule, Defendants filed only a one-page opposition accompanied by hundreds of pages of exhibits. Such a submission does not come close to meeting the demands of Rule 56. As the United States Court of Appeals for the Second Circuit has noted: "We surely cannot approve a practice … of dumping an extensive record on a busy District Judge without guidance from counsel, expecting him to ferret out facts which might conceivably be relevant on a motion for summary judgment." *Am. Standard, Inc. v. Crane Co.*, 510 F.2d 1043,

1056 (2d Cir. 1974). While a Court must indulge all reasonable inferences in favor of the party opposing summary judgment, it may not conjure evidence that was not properly submitted under the Rule or hypothesize about whether improperly submitted materials might support one claim or defense or another.

Here, based on Defendants' failure to follow the requirements of Rule 56, pursuant to Vt. R. Civ. P. 56(e)(2) and (3), the Court deems Plaintiff's Statement of Undisputed Facts as being unopposed. Based on those facts, Plaintiff is entitled to judgment as a matter of law on its affirmative claims. Specifically, those facts establish that Defendants executed a note in the original amount of $252,700.00; that the note was secured with a mortgage on the subject premises; that Plaintiff is the current holder of the note and mortgage; that Defendants failed to make payments due on the note; that as of June 17, 2024, the amount due and owing on the note was $315,773.05; and that the note and mortgage permit Plaintiff also to claim reasonable attorney's fees and costs. Additionally, Defendants have failed to come forward with any admissible evidence to support their Counterclaims, a matter on which they have the burden of proof. *Poplaski,* 152 Vt. at 254–55. Plaintiff is also entitled to judgment as a matter of law as to those claims.

Based on the submissions, Plaintiff has established that a foreclosure by judicial sale is warranted.

Plaintiff's motion for attorney's fees seeks significant sums beyond the 2% figure anticipated by our Civil Rules. Further, it appears to seek compensation for

matters related to an earlier proceeding.  For those reasons, a hearing is needed as to the reasonableness and appropriateness of such fees.

WHEREFORE, the motion for summary judgment and a clerk's accounting is granted in favor of Plaintiff.  The motion for summary judgment in favor of Plaintiff as to the Counterclaims is also granted.  The motion for judicial sale is granted. The motion for attorney's fees will be set for hearing.

Electronically signed on Tuesday, March 11, 2025, per V.R.E.F. 9(d).


_____

Timothy B. Tomasi
Superior Court Judge

4